UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERICA ALMECIGA,

        Plaintiff,

- against -

CENTER FOR INVESTIGATIVE
REPORTING, INC.,  UNIVISION
COMMUNICATIONS, INC.,
UNIVISION NOTICIAS,
BRUCE LIVESEY, JOSIAH HOOPER,

        Defendants.
-------------------------------------------------------------X

Case No. 15-CV-04319

Hon. Jed S. Rakoff

Removed from the Supreme Court of
the State of New York, New York County,
Index No. 651354/2015

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Plaintiff Erica Almeciga files this Memorandum of Law in support of her Motion to Remand to State Court pursuant to 28 USC §1446 and 28 USC §1447.

### I.    INTRODUCTION.

Defendants waived their right to removal based upon diversity jurisdiction because of their clear and unequivocal intent to proceed with this case in the State court, and because one of the Defendants, Defendant Univision, has citizenship in Manhattan, with an office located at 605 Third Avenue, New York, NY 10158. Further, a New York State Court has personal jurisdiction over Defendant CIR pursuant to CPLR 302(a); and Defendant Univision entered into a partnership on or about August 14, 2012 relative to the subject matter of the instant lawsuit with Plaintiff, which Defendant CIR admitted to in their Answer. Moreover, Plaintiff's claims are state common law claims that do not implicate the limited jurisdiction of this federal court. Also, Defendant CIR's contention that Defendant Univision was fraudulently joined in this lawsuit is absurd, and costs and

1

reasonable attorney fees are warranted under the circumstances pursuant to 28 U.S.C. §1447.  Because these actions were clearly inconsistent with the Defendants' right of removal, remand to the State court is appropriate.

## II. STATE COURT CLAIMS AND PROCEEDINGS APPLICABLE TO THE INSTANT MOTION. [1]

Plaintiff filed a summons and complaint (alleging Breach of Contract and Fraud against Defendant CIR; and Negligence against Defendant Univision) with the Supreme Court of the State of New York, County of New York, on April 23, 2015.

On May 20, 2015, attorneys Laurie Berke-Weiss and Marisa M. Wong filed Notices of Appearance on behalf of the Univision Defendants; also filed was a Request for Judicial Intervention and Motions to Admit Attorneys Charles L. Babcock, and Nancy W. Hamilton Pro Hac Vice and supporting papers.

Also, on May 20, 2015, the Univision Defendants filed a Motion to Dismiss Count IV of Plaintiff's Complaint.

On May 27, 2015, Defendant CIR filed a Verified Answer to Plaintiff's Complaint.

On June 4, 2015, Defendant CIR filed a Notice of Removal essentially contending that the Defendants to this dispute (CIR and Univision) were diverse parties; and that Defendant Univision was fraudulently joined in this lawsuit to defeat diversity jurisdiction.

---

[1] In their Notice of Removal, Defendant CIR attached Plaintiff's Summons and Complaint, their Answer, and Defendant Univision's Motion to Dismiss filed in State Court.  Attached hereto as **Exhibit One** is Defendant CIR's Notice of Removal. Plaintiff will refer to her Complaint, as well as the other pleadings filed in this case, throughout this Motion. Not included in Defendant CIR's Notice of Removal was the Order dismissing without prejudice, Defendant Univision's Motion to Dismiss. The Order dismissing Defendant Univision Motion to Dismiss is attached hereto as **Exhibit Two**.

2

On June 16, 2015, Defendant Univision's Motion to Dismiss was denied without prejudice.

### III.     ARGUMENTS.

#### A. Defendant Univision Waived Removal When It Filed A Substantive Motion To Dismiss In State Court.

The Supreme Court has stated that "we think it clear that Congress did not intend, by the expression 'before trial,' to allow a party to experiment on his case in the State court, and, if he met with unexpected difficulties, stop the proceedings, and take his suit to another tribunal." *Removal Cases*, 100 U.S. 457, 473, 25 L.Ed. 593 (1879); *Hill v. Citicorp*, 804 F.Supp. 514, 516 (S.D.N.Y 1992).  "He must make his election before he goes to trial or hearing on the merits." *Jifkins v. Sweetzer*, 102 U.S. 177, 179, 26 L.Ed. 129 (1880); *Hill v. Citicorp,* 804 F.Supp. *supra* at 516.

"However, "[t]he defect of untimeliness in removal cases in not jurisdictional, but merely 'modal and formal.' " *Manas y Pineiro, supra,* 443 F.Supp. at 421 (citing *Ayers v. Watson*, 113 U.S. 594, 598, 5 S.Ct. 641, 642, 28 L.Ed. 1093 (1885)). Therefore, it is within the discretion of the court to determine whether the case has proceeded too far in the state court." *Hill v. Citicorp*, 804 F.Supp., *supra* at 516.

"This discretion is guided, however, by the few cases that have addressed the question of when a "trial" has commenced in state court for the purposes of section 632.[2] While the cases are sparse, they nevertheless agree on the standard: substantive activity addressed to the merits of the case in state court constitutes the commencement of a trial, while procedural motions do not." See *Hill v. Citicorp*, 804 F.Supp., *supra* at 516.

In *Hill*, the defendants filed a motion to dismiss for *forum non conveniens* in state court, and that motion was denied.  In *Hill*, several factors convinced this Court that the

---

[2] "Under this standard, the fact that defendants initiated a motion to dismiss for forum non conveniens, which addresses the merits of the case and in this instance was dispositive, means that they have waived their right to remove, at least under section 1446. In the court's view, this waiver doctrine is as appropriate to issues of removal under section 632 as to those brought under section 1446." *Hill v. Citicorp,* 804 F.Supp. supra at 517

*forum non conveniens* motion was in effect a substantive motion addressed to the merits of the case. *Hill v. Citicorp*, 804 F.Supp., *supra* at 517.

Three factors convinced the Court in *Hill* that the *forum non conveniens* motion was a dispositive one. *Id* at 517. First, New York recognized the cause of action sued upon. *Id*. Second, a New York court had to consider the merits of the case in determining the motion, to determine what contacts with the forum were relevant and what law was applicable. *Id.* The *Hill* Court noted several other courts that had also stated that such a motion "necessarily implicate[d] the merits of a case." See *Hill v. Citicorp*, 804 F.Supp., *supra* at 517 citing: *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) (considering whether grant of forum non conveniens dismissal is appealable under Coopers & Lybrand test); *Carlenstolpe v. Merck & Co.*, 819 F.2d 33, 36 (2d Cir.1987) ("The determining factors in the forum non conveniens motion are 'enmeshed' in the underlying cause of action and necessarily involve an inquiry into the merits of the action.") (citations omitted). Finally, in *Hill*, the Court noted that at least where a *forum non conveniens* motion involves a choice of law dispute, it was a holding on the merits of the case. See *Hill v. Citicorp*, 804 F.Supp., supra at 517 citing: *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 719 (5th Cir.1990).

In the instant case, on May 20, 2015, Defendant Univision filed a Motion to Dismiss in State Court. In Defendant Univision's Motion to Dismiss, Defendant Univision moved to dismiss Plaintiff's cause of action for Negligence.

The Motion to Dismiss filed by Defendant Univision was plainly a dispositive one, as it sought to dismiss Plaintiff's cause of action for Negligence against Univision. First, New York recognizes a cause of action for Negligence. Second, Defendant

Univision's office is located in Midtown Manhattan. Further, a New York court had to consider the merits of Plaintiff's case in determining Univision's motion, and to determine what law was applicable.[3] Defendant Univision's Motion to Dismiss was based upon whether or not New York Law imposes a legal duty upon Univision under the circumstances presented by Plaintiff's case.  This is a question of New York law, involving a corporation whose office is located in midtown Manhattan.  The question presented by Defendant Univision has nothing to do with Federal law.

**b. A New York State Court Has Personal Jurisdiction Over Defendant CIR.**

When a plaintiff files a motion to remand, the defendant bears the burden of proving that the court has jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Phillips v. Corrections Corp. of America*, 407 F.Supp.2d 18, 20 (DDC 2005).

"The removal statutes `are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). The party seeking removal bears the "heavy burden" of demonstrating the existence of federal jurisdiction. *Id*. See also *Marshall v. Manville Sales Corporation*, 6 F.3d 229 (4th Cir.1993);

CPLR §302(a), personal jurisdiction over non-domiciliaries, states as follows:
"[A] court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

---

[3] On June 16, 2015, the Court denied Defendant Univision's Motion to Dismiss without prejudice, which the Defendants have failed to inform this Court of.

2.   commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3.   commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

Defendant CIR's satisfies every subsection of CPLR 302(a), and cannot reasonably argue that a New York State Court does not have personal jurisdiction over them.

There is ample precedent for finding jurisdiction under New York's long-arm statute in this case. In *Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236 (2nd Cir. 1999), the Second Circuit upheld long-arm jurisdiction over a Japanese manufacturer whose machine was sold to a New York plaintiff by a Pennsylvania company. The manufacturer in that case was not licensed or registered to do business here, and had *no* history of ever directly transacting or soliciting business in New York. Nonetheless, citing two First Department cases, the Circuit Court found the manufacturer's oral agreement with the Pennsylvania distributor, who it knew operated on a nation-wide basis, made it "reasonably foreseeable" that the manufacturer's machines would end up in New York. *Kernan,* 175 F.3d at 242 (citing *Adams v. Bodum,* 208 A.D.2d 450, 451, 617 N.Y.S.2d 316 (1st Dept.1994) (manufacturer's exclusive distributorship with co-defendant distributor, covering entire country, made purchases in New York a reasonable expectation); *Kappas v. T.W. Kutter, Inc.,* 192 A.D.2d 402, 596 N.Y.S.2d 361 (1st

Dept.1993) ("activities of a representative of a non-domiciliary in New York will be attributed to the non-domiciliary for the purpose of long-arm jurisdiction")). *See also Thompson v. Nishimoto Trading Co.,* 180 Misc.2d 466, 689 N.Y.S.2d 858 (Sup.Ct. New York Co.1999) (Japanese manufacturer with no other contacts to New York but nationwide distributorship agreement with co-defendant is amenable to long-arm jurisdiction for products liability); *Jones v. LaBofa A/S,* 1997 WL 642468 (N.D.N.Y.1997).

Here, Defendant Univision entered into a partnership agreement with Defendant CIR, over the subject matter of the instant lawsuit on or about August 12, 2012. Compl., ¶ 4. [4] Defendant CIR has already admitted to this allegation in their Answer to Plaintiff's Complaint. See Answer, ¶ 4. Moreover, Defendant CIR is a non-profit multi-media company that solicits and receives donations from all over the country, including New York; that investigates and covers stories all over the country, including New York; and that licenses its material to various media companies that have offices in New York, such

---

[4] On or about August 14, 2012, Defendant CIR and Defendant Univision entered into a partnership to produce investigative stories for Spanish speaking viewers in the United States and Latin America. In partnering with Defendant Univision, Defendant CIR agreed to provide Univision with access to CIR stories and documentaries focusing on Latin America for all broadcast platforms. Univision News' investigative and documentary unit, Documentales Univision, focuses on subjects of interest to the Hispanic community including immigration, health, education, criminal justice and politics. The collaboration between the two organizations was on all aspects of programming, from selection of story topics to production and editing. Robert J. Rosenthal, Executive Director of CIR, stated as follows in regards to CIR's partnership with Univision:

"The partnership with Univision ties in with our strategy of reaching an ever growing and diverse audience. Univision's brand and huge audience across the U.S. and around the world makes this collarboration a no brainer for CIR and a natural fit for both Organizations." See http://www.current.org/2012/08/center-for-investigative-reporting-univision-announce-partnership/. Compl., ¶ 4.

as Defendant Univision.  See Compl., ¶ 4; and Answer, ¶ 4.

   c. **Defendant CIR's Contention That Defendant Univision Was Fraudulently Joined In This Lawsuit Is Absurd, And Costs And Reasonable Attorney Fees Are Warranted Under The Circumstances.**

The standard against which a petition for removal is measured is whether "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Ingemi v. Pelino & Lentz,* 866 F.Supp. 156, 160 (D.NJ 1994), *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), quoting *Abels v. State Farm Fire & Cas. Co.*,770 F.2d 26, 32 (3d Cir. 1985). Any uncertainties, whether relating to issues of fact or law, must be resolved in favor of the plaintiff. *Id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.*

Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.' *Boyer, supra* at 111 (internal citations omitted).

There is no dispute that if Defendant Univision, as a citizen of New York, is a proper party to the action, its presence destroys diversity citizenship, and thereby deprives the district court of subject matter jurisdiction under 28 U.S.C. § 1332 (which requires complete diversity between all plaintiffs and defendants) and defeats the defendants' petition for removal. See 28 U.S.C. § 1441. See *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-461 (2nd Cir.1998).

"In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

First, as demonstrated by the foregoing, Defendant CIR is not a non-diverse Defendant, and a New York state court has personal jurisdiction over them pursuant to CPLR 302(a). Therefore, Defendant CIR's absurd argument, that Defendant Univision was fraudulently joined in this lawsuit to defeat diversity jurisdiction, is irrelevant because Defendant CIR has personal jurisidiction in a New York state court under CPLR 302(a).

Notwithstanding the foregoing, Plaintiff asserted a prima facie cause of action for Negligence under New York law against Defendant Univision because Defendant Univision was negligent in its failure to take reasonable measures to prevent injury to Ms. Almeciga, and owed a duty to her under New York law. For instance, in Plaintiff's Complaint, she alleged as follows:

- Defendant Univision owed a duty to Plaintiff. Compl., ¶ 74.

- Under the circumstances, Univision had a duty to exercise a reasonable (or high) degree of care before airing an interview of Ms. Almeciga denouncing Los Zetas, a ruthless drug cartel. Compl., ¶ 75.

- A minimal amount of due diligence would have reflected that the document presented was not notarized, that Plaintiff's name was spelled incorrectly, and that the actual handwriting on the Release was different in sections (as well as in different colors). Any of the foregoing issues, should have raised suspicion in Univision to confirm Plaintiff's consent. Compl., ¶ 76.

- Defendant Univision had a duty to contact Ms. Almeciga and get her actual consent before disclosing her name and/or identity and/or her story, and visually airing the Report, with her condemning a notorious drug cartel and its leader. Compl., ¶ 77.

- Defendant Univision has accumulated in excess of 3,000,000 views from airing the Report See: https://www.youtube.com/watch?v=kgxUK71_yH8.  Compl., ¶ 78.

- Los Zeta cartel is among the most brutal in all of Mexico, which logically applied, equates to being among the most violent in the world.  The idea that Univision would agree to air the interview of Ms. Almeciga without concealing her identity, or properly verifying her consent, or informing her in any way before airing, is a breach of the duty Defendant Univision owed to Plaintiff, and casts doubt as to Univision's ability to effectively monitor the stories it airs, and the people contained within those stories.  Compl., ¶ 79.

- Defendant Univision failed to take any reasonable measures before airing the Plaintiff's interview, and was negligent in its failure to take reasonable measures to prevent injury to Ms. Almeciga.  Compl., ¶ 80.

Under the applicable standard, Defendant CIR's contention that there is no possibility, based on Plaintiff's pleadings, that she could state a cause of action for Negligence against Defendant Univision in a New York state court is quite simply without merit.  Not only is this contention a misrepresentation of New York law, [5] but it is a dangerous proposition in the modern YouTube world that we live in because it would allow a massive multi media corporation, such as Univision, to publish a story on YouTube featuring a woman – who desperately wanted her identity concealed, as it had been in a previous story on CBC – denouncing a ruthless drug cartel and its leader without concealing her identity, or properly verifying her consent, or informing her in any way before airing, and get away without any liability; regardless of the danger it posed to the woman and her family; and the state of uncertainty she is now forced to live in because of said publication.

---

[5] See, for instance: *Levine v. City of New York*, 309 N.Y. 88, 93, 127 N.E.2d 825 (1955); *White v. Guarente*, 43 N.Y.2d 356 (1977); *Zucker v. Kid Gloves, Inc.*, 234 A.D.2d 598 (1996).

10

**D. The Present Situation Warrants Awarding Plaintiff Costs And Reasonable Attorney Fees Relating To Her Motion To Remand.**

The present situation warrants awarding plaintiff costs and reasonable attorney fees relating to the motion for remand. The remand statute explicitly authorizes such an award as within the court's discretion. 28 U.S.C. § 1447(c).

A district court will generally exercise its discretion to impose such costs where a well-plead complaint raises the issue of non-removability. *Ingemi v. Pelino & Lentz*, 866 F.Supp. 156, 163 (D. NJ 1994); *Bearoff v. DeMedio*, 1994 WL 114890 (E.D.Pa.1994).

As in *Ingemi*, it is clear in the instant case, from the face of Plaintiff's complaint "that plaintiff asserted a claim against non-diverse defendants". See, *Ingemi, supra* at 163.

"Any attorney reviewing the complaint was on notice that this claim, if colorable, defeated federal court jurisdiction and could not be resolved without a fact-intensive investigation into the New Jersey defendants' representation of plaintiff." *Id.*

"In the interest of judicial economy, the most efficient and cost-effective way to resolve whether the New Jersey defendants were properly named in the suit was for the New Jersey defendants to move to dismiss the complaint against them in state court. If the New Jersey defendants wished to test their legal theory that they were truly nominal defendants, they should have done so while in state court, the more appropriate forum in which to resolve issues of state law. See Yedla v. Electronic Data Systems, 764 F.Supp. 90 (E.D.Mich., S.D.1991). Moreover, if the New Jersey defendants had litigated this question in state court, the district court would not have expended valuable time. Defendants' diligence and foresight would have eliminated the legal costs associated with plaintiff's motion to remand that they must now bear." *Ingemi, supra* at 163.

"Thus, plaintiff's request for reasonable attorney fees and costs relating to the motion to remand is granted. Plaintiff should submit forthwith an itemized statement of expenses and attorney fees incurred in filing and defending this motion to remand." *Id.*

A very similar situation as was presented in *Ingemi* is present in the instant case, and therefore, this Court should award Plaintiff's request for reasonable attorney fees and costs relating to the motion to remand pursuant 28 U.S.C. § 1447(c).

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that her Motion to Remand this matter back to the state court from which it came should be granted pursuant to reasonable attorney fees and costs relating to the motion to remand pursuant 28 U.S.C. § 1446. Further, Plaintiff respectfully requests that she be awarded reasonable attorney fees and costs relating to the motion to remand pursuant 28 U.S.C. § 1447(c).

Dated: July 1, 2015

Respectfully submitted,

**THE LANDAU GROUP, PC**

By: _____
Kevin A. Landau (pro hac vice pending)
1221 Ave. of the Americas, 42nd Floor
New York, NY 10020
Phone: 212.537.4025/248.671.0884 (fax)
Email: kevin@thelandaugroup.com
*Counsel for Plaintiff Erica Almeciga*

TO:  Laurie Berke-Weiss
     Maria M. Wong
     BERKE-WEISS LAW PLLC
     7 Times Square, 18th Floor
     New York, NY 10036
     Tel: 212.894.6784
     *Counsel for Defendants Univision Communications, Inc. and Univision Noticias*

     Chip L. Babcock (pro hac vice)
     Nancy W. Hamilton (pro hac vice)
     JACKSON WALKER LLP
     1401 MCKINNEY, SUITE 1900
     Houston, Texas 77010
     713.752.4200

23

Thomas R. Burke
Deborah Adler
Jeremy A. Chase
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Fl.
New York, NY 10019
Tel: 212.489.8230
*Counsel for Defendant Center*
*for Investigative Reporting*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing papers have been electronically filed with the Clerk of the Court on July 1, 2015. Notice of this filing is sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF System.

Respectfully submitted,

**THE LANDAU GROUP, PC**

By: _/s/ K. A. L._

Kevin A. Landau
1221 Ave. of the Americas, 42nd Floor
New York, NY 10020
Phone: 212.537.4025/248.671.0884 (fax)
Email: kevin@thelandaugroup.com
*Counsel for Plaintiff Erica Almeciga*

23