UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------- x

ERICA ALMECIGA,                                   :
                                                  :
                            Plaintiff,            :
                                                  :
           - against -                            :        Case No.: 1:15-cv-04319-JSR
                                                  :
CENTER FOR INVESTIGATIVE                          :
REPORTING, INC., UNIVISION                        :        Hon. Jed. S. Rakoff
COMMUNICATIONS, INC., UNIVISION                   :
NOTICIAS, BRUCE LIVESEY, JOSIAH                   :
HOOPER,                                           :
                                                  :
                            Defendants.           :
------------------------------------------------------- x

## <u>MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>

Thomas R. Burke (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 400
San Francisco, CA 94111
Phone: (415) 276-6552
Fax: (415) 489-9052

Jeremy A. Chase
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY  10019
Phone: (212) 489-8230
Fax: (212) 489-8340

Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
Phone: (202) 973-4248
Fax: (202) 973-4448

*Attorneys for Defendants Center for Investigative
Reporting Inc., Bruce Livesey, and Josiah Hooper*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND .................................................................................... 4

ARGUMENT ............................................................................................................ 5

    I.      REMOVAL IS PROPER BECAUSE IN-STATE DEFENDANT
            UNIVISION WAS FRAUDULENTLY JOINED IN THE STATE COURT
            ACTION ............................................................................................. 5

            A.     Plaintiff Lacks a Viable Negligence Claim under New York Law
                    Because Univision Had No Duty to Plaintiff .............................. 7

            B.     A Claim for Negligent Publication Cannot Succeed Under New York
                    Law Where, As Here, the Publication Is on a Matter of a Public
                    Concern ....................................................................................... 11

    II.     PLAINTIFF'S ARGUMENTS IN SUPPORT OF REMAND ARE
            MERITLESS ................................................................................... 14

            A.     CIR Did Not Waive Its Right to Remove This Case ................................ 14

            B.     Personal Jurisdiction is Irrelevant to Whether Removal was Proper ........ 16

CONCLUSION ........................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alvarado v. KOB-TV, LLC*,
   493 F.3d 1210 (10th Cir. 2007) ...........................................................10

*Dodd v. Fawcett Publ'ns, Inc.*,
   329 F.2d 82 (10th Cir. 1964) .............................................................13

*Doe v. Fed. Export. Corp.*,
   No. 3:05CV1968(WWE), 2006 WL 1405641 (D. Conn. May 22, 2006)................11

*Doe v. Gangland Prods., Inc.*,
   730 F.3d 946 (9th Cir. 2013) .............................................................10

*Does v. KTNV-Channel 13*,
   863 F. Supp. 1259 (D. Nev. 1994) ........................................................10

*Dworkin v. Hustler Magazine, Inc.*,
   611 F. Supp. 781 (D. Wyo. 1985) ........................................................13

*Gay v. Williams*,
   486 F. Supp. 12 (D. Alaska 1979) ........................................................12

*Hill v. Citicorp*,
   804 F. Supp. 514 (S.D.N.Y. 1992)........................................................15

*Kuperstein v. Hoffman-Laroche, Inc.*,
   457 F. Supp. 2d 467 (S.D.N.Y. 2006).....................................................6

*Lewis v. Time, Inc.*,
   83 F.R.D. 455 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)....................13

*MBIA Ins. Corp. v. Royal Bank of Canada*,
   706 F. Supp. 2d 380 (S.D.N.Y. 2009).....................................................14

*Negrin v. Alza Corp.*,
   No. 98 CIV. 4772 DAB, 1999 WL 144507 (S.D.N.Y. Mar. 17, 1999)....................11

*Pampillonia v. RJR Nabisco, Inc.*,
   138 F.3d 459 (2d Cir. 1998)...............................................................6

*Philadelphia Newspapers, Inc. v. Hepps*,
   475 U.S. 767 (1986)....................................................................11, 12

*Pietrangelo v. Alvas Corp.*,
    686 F.3d 62 (2d Cir. 2012)................................................................................15

*Weber v. Multimedia Enter., Inc.*,
    No. 97 Civ. 0682(JGK), 2000 WL 526726 (S.D.N.Y. May 2, 2000)......................................12

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)..........................................................................2, 6

*Wilde v. CSX Transp., Inc.*,
    No. 14-CV-50S, 2014 WL 4385424 (W.D.N.Y. Sept. 4, 2014)............................................11

*Winters v. Alza Corp.*,
    690 F. Supp. 2d 350 (S.D.N.Y. 2010)..................................................................11

**State Cases**

*Chapadeau v. Utica Observer-Dispatch*,
    38 N.Y.2d 196 (1975) ...............................................................................12

*Daniel v. Dow Jones & Co.*,
    137 Misc. 2d 94, 96 (Civ. Ct. N.Y. Cty. 1987)..........................................................10

*Lacoff v. Buena Vista Pub., Inc.*,
    183 Misc. 2d 600 (Sup. Ct. N.Y. Cty. 2000) ...........................................................10

*Pressler v. Dow Jones & Co.*,
    88 A.D.2d 928 (2d Dep't 1982) ......................................................................10

*Pulka v. Edelman*,
    40 N.Y.2d 781 (1976) ..............................................................................2, 7

*Rubinstein v. New York Post Corp.*,
    128 Misc. 2d 1 (Sup. Ct. N.Y. Cty. 1985) ..............................................................9

*Schwartz v. Time Inc.*,
    71 Misc. 2d 769 (Sup. Ct. N.Y. Cty. 1972) .............................................................11

*Stoianoff v. Gahona*,
    248 A.2d 525 (2d Dep't 1998) .......................................................................10

*Vaill v. Oneida Dispatch Corp.*,
    129 Misc. 2d 477 (Sup. Ct. Oneida Cty. 1985)....................................................8, 9, 12

*Virelli v. Goodson-Todman Enter., Ltd.*,
    142 A.D.2d 479 (3d Dep't 1989) .................................................................2, 9, 12

*Watson v. MTV Network Enter., Inc.*,
    No. 156523-2012, 2013 WL 5885726 (Sup. Ct. N.Y. Cty. Oct. 30, 2013) ...............................9

**Federal Statutes**

28 U.S.C.

§ 1332................................................................................................................2, 3, 5, 16
§ 1441................................................................................................................2, 3
§ 1441(b)(2).......................................................................................................14
§ 1446.................................................................................................................2
§ 1446(b)(2)(B)...................................................................................................14
§ 1446(b)(2)(c)....................................................................................................3
§ 1446(d)...........................................................................................................5, 15

**Rules**

Rule 81.1............................................................................................................2, 4

**Constitutional Provisions**

New York Constitution, Article I, § 8.................................................................5, 7

Defendant Center for Investigative Reporting, Inc. ("CIR") respectfully submits this Memorandum in Opposition to Plaintiff's Motion to Remand to State Court (Doc. Nos. 25-26) (hereinafter "Mot.").

## PRELIMINARY STATEMENT

The Court must deny Plaintiff's motion to remand this diversity action because the in-state defendants Univision Communications Inc. and Univision Noticias ("Univision") were fraudulently joined by the Plaintiff and, accordingly, their presence in this action does not deprive this Court of removal jurisdiction.

This case centers on a news report by the Center for Investigative Reporting about the Los Zetas drug cartel and its former hitman, Rosalio Reta – a matter of great public importance. CIR and two of its producers, defendants Bruce Livesey and Josiah Hooper (collectively, the "CIR Defendants"), videotaped interviews with Reta and his then-wife, Plaintiff Erica Almeciga, to produce a video report titled "I Was a Hitman for Miguel Treviño."  CIR licensed the report to Univision.  CIR and Univision each published the report online on their respective YouTube channels.

Over a year after the reports were first broadcast, Plaintiff contacted CIR about her appearance in the CIR interview and through this lawsuit Plaintiff now claims that she only agreed to participate in the CIR interview based on an alleged oral promise that her identity would be concealed in the final report – which it was not.  Furthermore, she insists that her signed appearance release, which CIR provided to Univision in connection with licensing the program, is a forgery.  In addition to fraud and breach of contract claims against CIR and its producers, Plaintiff has tacked on a negligence claim against Univision on the theory that Univision – a downstream licensee of CIR with whom Plaintiff alleges no direct interaction –

1

had an affirmative duty to contact her and independently verify that it had permission to show her face as set forth in the release.

Plaintiff has no possibility of prevailing on her negligence claim against Univision – the sole claim against the sole New York defendant in this case.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001).  In nearly identical circumstances, New York courts have consistently held that broadcasters and other content distributors such as Univision have no duty to verify independently their right to publish licensed content.  Indeed, imposing such a duty would run afoul of the safeguards for the free flow of information enshrined in the First Amendment and the New York Constitution, particularly where (as here) the program in question centers on a matter of public concern.  *See Virelli v. Goodson-Todman Enter., Ltd.*, 142 A.D.2d 479, 485-487 (3d Dep't 1989).

Because New York law does not recognize any such duty to verify, Plaintiff has no viable negligence claim against Univision.  *See Pulka v. Edelman*, 40 N.Y.2d 781, 782-83 (1976).  This case thus presents the classic fact pattern for fraudulent joinder:  a claim against the sole in-state defendant with no possibility of recovery in state court.  When faced with this same scenario – a plaintiff who has sued a nominal, in-state defendant for negligence where no duty exists as a matter of state law – courts regularly find that the party was fraudulently joined and deny remand.

Without Univision in this case, all of the remaining requirements for this Court to exercise removal jurisdiction on the basis of diversity are met.  *See* 28 U.S.C. §§ 1332, 1441, & 1446.  There is complete diversity among all of the remaining parties[1]; and all of the properly

---

[1] CIR and Hooper are California citizens, and Livesey is a Canadian citizen.  Def. Notice of Removal ¶¶ 18-20. Plaintiff is a Massachusetts citizen.  Pl. Rule 81.1 Notice of Domicile (Doc. No. 27).

joined defendants have consented to removal (Def. Notice of Removal ¶ 27); and the amount in controversy exceeds $75,000 (Compl. ¶ 1; Def. Notice of Removal ¶ 22).

Plaintiff's arguments in support of remand are meritless.  **First,** the law flatly contradicts Plaintiff's claim that Univision somehow "waived" removability of the case by filing a motion to dismiss in state court.  As a New York party, Univision never had a right to remove in the first place; as a fraudulently joined party, its actions in state court are irrelevant; and as the earlier-served party, it cannot waive CIR's right to timely remove under 28 U.S.C. § 1446(b)(2)(c). This argument is therefore wholly without merit.

**Second,** there is no merit to Plaintiff's argument that because there is *personal* jurisdiction over CIR in New York, this Court is somehow divested of *subject-matter* jurisdiction.  CIR does not dispute that it is subject to personal jurisdiction within New York – whether in state or federal court – but that has no bearing on whether this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

**Third,** Plaintiff claims that she has not fraudulently joined Univision because New York – like every state in the United States – recognizes a cause of action for negligence.  But that is not sufficient.  New York law is clear that distributors in Univision's position owe no legal duty to independently verify the contents of publications or advertisements – and without a legal duty, Plaintiff has no possibility of prevailing on her negligence claim against Univision. Univision is therefore fraudulently joined, and its citizenship may be disregarded for purposes of determining the Court's subject-matter jurisdiction.

For these reasons and as set forth more fully below, CIR respectfully requests that the Court find Univision was fraudulently joined, and deny Plaintiff's Motion to Remand.

## FACTUAL BACKGROUND

As alleged in the Complaint, Defendant CIR is a California-based non-profit organization that conducts ongoing journalistic and investigative news reporting projects on a wide variety of topics in multiple mediums.  Compl. ¶ 2.  Defendants Bruce Livesey, a Canadian citizen, and Josiah Hooper, a California citizen, are two producers who have worked with CIR in the past, and who with CIR, produced a video news story entitled "I Was a Hitman for Miguel Treviño" (the "CIR Report"), which featured interviews with Plaintiff, a Massachusetts citizen, and her then-husband Rosalio Reta, a resident of Woodville Penitentiary and a former "enforcer" for the Los Zetas drug cartel.  Compl. ¶¶ 5-8; Def. Notice of Removal ¶¶ 19 and 20; Pl. Rule 81.1 Notice of Domicile.

On April 23, 2015, almost two years after the CIR Report premiered, Plaintiff filed a Summons and Complaint in New York Supreme Court in connection with the report.  She alleges that she and the CIR Defendants entered a legally binding oral agreement whereby she agreed to sit for an interview for the CIR Report in exchange for CIR keeping her identity concealed.  Compl. ¶¶ 13-16, 37.  Plaintiff claims that the CIR Defendants breached this alleged oral contract by showing Plaintiff's face in the CIR Report.  Compl. ¶¶ 24, 38.  Plaintiff also brings claims of fraud and fraudulent concealment against the CIR Defendants, claiming that they intentionally deceived her by promising to conceal her identity with the intent to induce her to sit for the interview.  Compl. ¶¶ 47-62, 64-72.

In addition to these claims against the CIR Defendants, Plaintiff also asserts a single claim of negligence against Univision Communications Inc. and Univision Noticias ("Univision"), both New York companies.  Compl. ¶¶ 33-34, 74-86.  Plaintiff alleges that the CIR Defendants forged her signature on a release which she claims they subsequently used to

4

sell or license the CIR Report to Univision and that Univision acted negligently for failing to

confirm whether the release was genuine.  *Id.*

On April 30, 2015, Plaintiff served the Summons and Complaint on Univision, and on

May 7, 2015, Plaintiff served CIR.[2]  On May 20, 2015, Univision filed a motion to dismiss the

negligence claim, on the grounds that it is well-established under New York law that there is no

duty to verify that Plaintiff had given her consent to disclose her name, identity or story, and that

imposing such a duty on Univision would violate the First Amendment to the United States

Constitution and Article I, Section 8 of the New York Constitution.

On May 27, 2015, CIR filed a Verified Answer to the Complaint, and on June 4, 2015,

less than 30 days after it was served with initial process, removed the case to this Court on the

grounds that in-state Defendant Univision had been fraudulently joined by the Plaintiff, and that

because all properly joined parties to this action were completely diverse and the amount in

controversy exceeds $75,000, this Court could exercise removal jurisdiction pursuant to 28

U.S.C. §§ 1332, 1441, and 1446.  All properly joined defendants consented to the removal of this

action to federal court, and the CIR Defendants filed a written notice of the removal with the

clerk of the New York Supreme Court pursuant to 28 U.S.C. § 1446(d).[3]

This motion to remand followed.

## <u>ARGUMENT</u>

## I.  **REMOVAL IS PROPER BECAUSE IN-STATE DEFENDANT UNIVISION WAS FRAUDULENTLY JOINED IN THE STATE COURT ACTION**

Removal of this case to federal court was proper because all properly joined parties are

diverse and the sole in-state defendant, Univision, was fraudulently joined.  "[A] plaintiff may

---

[2] Although they consented to removal, Plaintiff has yet to serve Defendants Livesey and Hooper.
[3] On June 16, 2015, well after the CIR Defendants removed this case, the state court issued an Order denying Univision's motion to dismiss without prejudice due to the CIR Defendants' Notice of Removal.  At the direction of the Court, Univision has since re-filed their motion to dismiss in federal court.  Doc. Nos. 20-23.  Plaintiff has since filed an opposition thereto.  Doc. No. 29.

not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998).  Here, Plaintiff has improperly joined Univision and asserted a baseless negligence claim against it to keep this case out of federal court.  Accordingly, Plaintiff's remand motion should be denied.

Fraudulent joinder does not require a showing of actual fraud or bad motive by the Plaintiff; rather, it is a "legal term of art [used] to refer to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).  The fraudulent joinder doctrine applies where "there is no possibility, based on the pleadings, that the plaintiff can state a claim against the non-diverse defendant in state court." *Whitaker*, 261 F.3d at 207 (quoting *Pampillonia*, 138 F.3d at 461). Stated differently, "[j]oinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged.'" *Whitaker*, 261 F.3d at 207 (quoting *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984)).  In performing this analysis, courts must ask whether "a court of the forum state would . . . recognize the plaintiff's claim as stating a cause of action" and must apply the law of the forum state, including the pleading standard of that state. *Kuperstein*, 457 F. Supp. 2d at 470–72 & n. 29.  The standard is not whether the claim would likely survive a motion to dismiss, but whether there is any reasonable possibility that the state court would allow it to proceed. *Id*. at 471.

Here, there is no possibility that a state court would allow Plaintiff's sole claim against Univision to proceed.  Plaintiff's negligence claim hinges on the existence of a media defendant's duty to verify – a duty that New York law has repeatedly rejected, not least of all

because imposing such a duty would run afoul of the First Amendment to the United States

Constitution and Article I Section 8 of the New York Constitution.  As a result, there is simply

no possibility that Plaintiff will be able to state a claim for negligence against Univision.

### A.  Plaintiff Lacks a Viable Negligence Claim under New York Law Because Univision Had No Duty to Plaintiff

There is no cause of action for negligence absent a duty.  Indeed, "[i]n the absence of

duty, there is no breach and without a breach there is no liability . . . . This requirement is

expressed in the often-quoted remark: 'Negligence in the air, so to speak, will not do.'" *Pulka*,

40 N.Y.2d at 782.

Plaintiff's negligence claim against Univision has no possibility of success because she

has not alleged any basis for a duty owed to her by Univision.  As alleged in Plaintiff's

Complaint, Univision's conduct was limited to that of a secondary publisher, a mere conduit

broadcasting the CIR Report.  Her factual allegations against Univision are limited to the

following: (1) Univision "enter[ed] a partnership with CIR where it had access to CIR reports[4]

(Compl. ¶ 4); (2) Univision received from CIR a release for Plaintiff's appearance in the CIR

Report that was allegedly "forged" by CIR "so that CIR could sell and/or license the Report to

Univision" (Compl. ¶ 46); and (3) Univision broadcasted the CIR Report on its YouTube

channel (Compl. ¶ 20).

Notably, Plaintiff does ***not*** allege any contract, agreement, or promise – or indeed, any

communication whatsoever – with Univision that could remotely give rise to a duty to verify.

She does not allege that Univision was involved in any manner in soliciting or participating in

---

[4] While Plaintiff claims in her opening brief that CIR and Univision entered a partnership "over the subject matter of the instant lawsuit," Pl. Mot. at 7, this is true only in the most general sense.  The partnership related to CIR providing content to Univision in exchange for distribution.  The CIR Report was only one of many programs provided to Univision pursuant to the partnership.  As Plaintiff's allegations confirm, Univision had no involvement in CIR's interviews with Plaintiff and Reta and played no part in producing the CIR Report.  Compl. ¶¶ 9, 10, 13, 15, 19, 25, 46.

Plaintiff's interview with CIR; does not allege that Univision made any promises to her; and does not even allege that Univision played any role in the production of the CIR Report.  To the contrary, Plaintiff alleges that the ***CIR Defendants*** exclusively took on those roles. Univision simply licensed the CIR Report and broadcast it, as a third party licensee.  *See* Compl. ¶¶ 9, 10, 13, 15, 19, 25, 46.  Instead, Plaintiff claims that the content of the CIR Report (which she alleges shows her "denouncing Los Zetas, a ruthless drug cartel" (Compl. ¶ 75)) and alleged characteristics of the release provided by CIR (i.e., that the release allegedly "was not notarized, that Plaintiff's name was spelled incorrectly, and that the handwriting on the release was different in sections" (Compl. ¶ 76.)), "should have raised suspicion in Univision to confirm Plaintiff's consent" and thereby gave rise to a duty to Plaintiff.  Compl. ¶ 76.

That is not the law in New York.  To the contrary, this is precisely the type of "negligence in the air" theory that courts in this state have repeatedly rejected – including in circumstances nearly identical to Plaintiff's claims here.  When confronted with the question of whether media defendants have a duty to verify their right to publish particular content – whether an advertisement, an article, a video, or, as in this case, identifying information about an individual – courts have uniformly declined to recognize such a duty.

For example, in *Vaill v. Oneida Dispatch Corp.*, 129 Misc. 2d 477 (Sup. Ct. Oneida Cty. 1985), the plaintiff sued a newspaper for negligently failing to verify that a classified advertisement, purportedly submitted by her, "was authorized by her before publication . . . ." *Id.* at 478.  Similar to Plaintiff's arguments here, the plaintiff  in *Vaill* argued that the "semi-salacious" nature of the advertisement ("a middle aged female looking for male companionship ages 18-22") and the circumstances of its submission (the ad submission was handwritten and unsigned, accompanied by $3 cash rather than a check) should have raised suspicions as to its

authenticity and required the publisher to verify it prior to publication. *Id.* at 477, 479-480. The Court dismissed the case, holding that "[o]n the question of duty to verify . . . publishers' liability . . . if imposed at all, is commonly imposed within the principles of the law of defamation, with all the strictures – constitutional and otherwise – attendant on that body of law." *Id.* at 479. *See also Virelli*, 142 A.D.2d at 487 ("As a matter of State constitutional law, plaintiffs' allegations, couched exclusively in terms of ordinary negligence as to . . . the alleged disclosures by defendants of identifying information . . . , all pertaining to matters of legitimate public concern, are patently insufficient to withstand dismissal"). Furthermore, the Court specifically rejected the plaintiff's assertions that the nature of the advertisement or the circumstances of its submission gave rise to any special pre-publication duty to verify.

*Watson* v. *MTV Network Enter., Inc.*, No. 156523-2012, 2013 WL 5885726 (Sup. Ct. N.Y. Cty. Oct. 30, 2013), is also instructive. In *Watson*, a participant on the MTV program *True Life: I Am A Chubby Chaser*, sued the show's third-party producer and MTV (the distributor) for negligence, alleging that the producer had promised to shield the plaintiff's identity and address in the episode but failed to do so. The Court dismissed the negligence claim against the third-party producer for failing to block the identity and address because, just as Plaintiff alleges here, the parties' respective rights and obligations were governed by contract. The Court dismissed the claim against MTV (which, as the distributor of content that it did not create, was situated similarly to Univision here) because it was not a party to the alleged agreement to mask the identity of the plaintiff. *See id.* at *3. Notably, the Court did not even entertain the notion that MTV owed a duty to the plaintiff.

Other New York courts have repeatedly rejected negligence claims in analogous circumstances, holding that a publisher has no duty to the subject of a publication. In *Rubinstein*

*v. New York Post Corp.*, 128 Misc. 2d 1, 3-4, (Sup. Ct. N.Y. Cty. 1985), the court dismissed

negligence claims over an erroneous obituary, holding that the newspaper had "no legal

obligation" to verify with the presumptive decedent's family that he is actually dead and that it

would be "unreasonable to postulate a legal duty owed by the publication to the person reported

deceased and his family."  New York courts have similarly held that a publisher has "no duty to

investigate" published advertisements, and they have consistently rejected negligence claims

even for false statements where they are based on a general pre-publication "duty to verify,"

absent any special duty between the publisher and the plaintiff.  *See, e.g., Pressler v. Dow Jones

& Co.*, 88 A.D.2d 928 (2d Dep't 1982) (dismissing negligence claim on grounds that publisher

has "no duty to investigate" advertisements); *Stoianoff v. Gahona*, 248 A.2d 525, 526-27 (2d

Dep't 1998) (dismissing negligence claim against newspaper over claims in an advertisement,

holding that there is "no duty on the part of a publisher to investigate its advertiser" absent an

endorsement, guarantee, or other special relationship); *Lacoff v. Buena Vista Pub., Inc.*, 183

Misc. 2d 600, 611 (Sup. Ct. N.Y. Cty. 2000) (dismissing claims for negligent misstatement

because publisher of investment news service had no duty to plaintiff); *Daniel v. Dow Jones &

Co.*, 137 Misc. 2d 94, 96 (Civ. Ct. N.Y. Cty. 1987) ("New York long ago held that a news

service is not liable to its readers for negligent false statements.").[5]

     Given the overwhelming body of New York law making clear that media defendants do

not owe a general duty to plaintiffs under these circumstances – and Plaintiff's failure to allege

any interaction whatsoever with Univision that could possibly give rise to a special duty –

---

[5] Courts in other jurisdictions have reached the same conclusions on similar facts.  *See, e.g., Does v. KTNV-Channel 13*, 863 F. Supp. 1259, 1265 (D. Nev. 1994) (dismissing negligence claim by police vice officers who appeared on a TV program after being assured that their anonymity would be preserved because plaintiffs "failed to demonstrate the existence of any legally cognizable duty"); *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 961 (9th Cir. 2013) (dismissing claim by police informant who alleged that TV producer had promised to conceal his face, that plaintiff "fail[ed] to cite any authorities demonstrating that Defendants had a legal duty not to reveal private facts about him during the broadcast"); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1225 (10th Cir. 2007) (affirming dismissal of tort claims against TV station for revealing identities of undercover officers in connection with a news report).

Plaintiff's has no viable claim against Univision in state court.  Where, as here, a plaintiff sues a nominal party for negligence where no duty exists under state law, courts frequently find fraudulent joinder and deny motions to remand.  *See*, *e.g.*, *Winters v. Alza Corp.*, 690 F. Supp. 2d 350, 356 (S.D.N.Y. 2010) (finding fraudulent joinder where claim of negligence against in-state defendant pharmacy rested on previously unrecognized duty to fill a prescription with the safer of two competing products); *Negrin v. Alza Corp.*, No. 98 CIV. 4772 DAB, 1999 WL 144507, at *5 (S.D.N.Y. Mar. 17, 1999) (finding fraudulent joinder where claim of negligence against in-state defendant pharmacy sought to impose the duty to warn of possible side effects in use of a prescription drug on the pharmacist, where case made clear such duty lies with the drug manufacturer); *Wilde v. CSX Transp., Inc.*, No. 14-CV-50S, 2014 WL 4385424, at *2 (W.D.N.Y. Sept. 4, 2014) (finding fraudulent joinder of employee where law recognized no duty to maintain premises on part of employee independent from that of the property owner); *Doe v. Fed. Export. Corp.*, No. 3:05CV1968(WWE), 2006 WL 1405641, at *3 (D. Conn. May 22, 2006) (finding fraudulent joinder where claim of negligent supervision against Federal Express Corp. sought to impose a new duty to supervise off-duty employees).  The Court should follow suit and deny Plaintiff's motion to remand.

      **B.**      **A Claim for Negligent Publication Cannot Succeed Under New York Law Where, As Here, the Publication Is on a Matter of a Public Concern**

Plaintiff's claim against Univision also fails for a second reason: New York law requires a higher standard than negligence in order to hold a media defendant civilly liable for a publication on a matter of public concern, such as the CIR Report.[6]  *Chapadeau v. Utica*

---

[6] There can be no question that a report about a hitman for the Los Zetas drug cartel, which Plaintiff describes as "among the most brutal in all of Mexico . . . [and] among the most violent in the world," (Compl. ¶ 27), is a classic subject of public concern.  *See*, *e.g.*, *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 769, 776 (1986) (news articles on organized crime a matter of public concern); *Schwartz v. Time Inc.*, 71 Misc. 2d 769, 771 (Sup. Ct. N.Y. Cty. 1972)

*Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975) (holding that media may only be held liable for publishing on matters of public concern where plaintiff can demonstrate that the publisher "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties") (citing *Gertz v Robert Welch, Inc.*, 418 U.S. 323, 347 (1974)).  New York courts have since found "no reason" why this heightened standard of media fault for libel actions should not apply equally to negligence and other actions.  *Virelli*, 142 A.D.2d at 487; *see also Weber v. Multimedia Enter., Inc.*, No. 97 Civ. 0682(JGK), 2000 WL 526726, at *12 (S.D.N.Y. May 2, 2000) (collecting cases).  Accordingly, Plaintiff cannot maintain a negligence claim against Univision for its publication of the CIR Report.

There is good reason for New York courts to hold claims for negligence to the same standard as libel claims when such claims relate to publications on matters of public concern. *See Vaill*, 129 Misc. 2d at 479.  "[D]ebate on public issues should be uninhibited, robust, and wide-open," *Virelli*, 142 A.D.2d at 486 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)), and failing to provide such robust protection for media defendants may result in a chilling effect, with the threat of liability resulting in media self-censorship "antithetical to the First Amendment's protection of true speech on matters of public concern."  *Philadelphia Newspapers*, 476 U.S. at  777.  It is therefore not surprising that in the libel context, courts around the country have repeatedly found fraudulent joinder where, as here, a plaintiff suing over the contents of a publication joins a non-diverse distributor of the publication without any basis

---

("The activities of organized crime, which is what is involved in this case, is clearly … a matter of public concern and interest."); *Chapadeau*, 38 N.Y.2d at 200 (public school teacher's arrest for possession of drugs and drug paraphernalia held to be a matter of public concern); *Gay v. Williams*, 486 F. Supp. 12, 16 (D. Alaska 1979) (smuggling of drugs from Mexico through a border town is a matter of public concern).

for a claim against that distributor.  *See*, *e.g.*, *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460-62 (E.D. Cal. 1979) (denying motion to remand libel suit against *Time* magazine and local non-diverse distributor, finding that joinder of non-diverse distributor without colorable basis to allege knowledge of falsity constituted fraudulent joinder), *aff'd*, 710 F.2d 549 (9th Cir. 1983); *Dworkin v. Hustler Magazine, Inc.*, 611 F. Supp. 781, 786 (D. Wyo. 1985) (denying motion to remand libel suit against publisher of *Hustler* and local convenience store selling the magazine, finding that the local store was fraudulently joined); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82 (10th Cir. 1964) (denying motion to remand libel suit against magazine and its in-state distributor, finding distributor to be fraudulently joined).

The implications of ignoring this body of First Amendment jurisprudence and imposing a duty in these circumstances are stark.  As Univision explained in its Motion to Dismiss:

> [T]he Court should, under *Pulka*, "conceive of the bounds to which liability logically would flow."  *Pulka*, 40 N.Y.2d at 786.  Would a television syndicator have a duty to check every program it offers for syndication?  Would a local television station be under a duty to verify every detail of every syndicated program it purchases and then broadcasts?  Would a book publisher need to verify that every character in a book has, in plaintiff's words, "consent(ed) before disclosing her name and/or identity and/or her story"?  Would this duty extend to fictional books as well as nonfiction?  See Dan Rosen & Charles L. Babcock, Of and Concerning Real People and Writers of Fiction, 7 Com. & Ent. L.J. 221-263 (1985).  As one can see "the liability potential would be all but limitless."  *Pulka*, 40 N.Y.2d at 786.

*See* Univision Mot. Dis. at 7-8.  To impose a duty on media defendants in this situation would create a burden on Free Speech and news reporting of immeasurable effect.  New York courts have wisely refrained from doing so, and accordingly would not permit Plaintiff's claim against Univision to proceed.  This Court should therefore find that Univision was fraudulently joined and deny Plaintiff's motion to remand.

## II.    PLAINTIFF'S ARGUMENTS IN SUPPORT OF REMAND ARE MERITLESS

Perhaps recognizing that her negligence claim against Univision has no possibility of stating a cause of action under New York law, Plaintiff has set forth two additional reasons for this Court to remand this case to state court: (1) that *Univision* somehow waived all of the Defendants' rights to remove, and (2) that CIR has no right remove this case to federal court because New York can exercise personal jurisdiction over it.  These arguments are without merit and should be rejected by this Court.

### A.    CIR Did Not Waive Its Right to Remove This Case

Plaintiff first claims that CIR's Notice of Removal was improper because Univision waived removal when it filed a substantive motion to dismiss in New York Supreme Court.  This argument is nonsensical for a number of reasons.

*First*, to the extent this Court agrees that Univision was fraudulently joined, the Court must disregard its presence in this action for the purposes of determining subject matter jurisdiction.  *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 388 (S.D.N.Y. 2009).  Any proceedings with respect to Univision in the state court are thus irrelevant to the Court's exercise of jurisdiction.  Moreover, Univision is a New York citizen – which means it never could have removed this action in the first instance.[7]  Simply put, Univision could not waive a right it never had in the first place.

*Second*, even if Univision could have removed this action to federal court, it certainly could not have unilaterally waived *CIR's* removal rights.  The federal removal statute makes clear that "*Each defendant* shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B)

---

[7] Indeed, in the event this Court decides Univision is a proper party to this action – which CIR vigorously disputes – this case must be remanded because of the in-state defendant rule of the removal statute.  *See* 28 U.S.C. § 1441(b)(2).

14

(emphasis added). CIR was served on May 7, 2015 and removed this case on June 4, 2015, well within 30 days of being served. *See* Doc. No. 1. Even where an earlier-served defendant does not exercise its right to removal, its waiver does not preclude a later served-defendant's timely removal petition. *See generally Pietrangelo v. Alvas Corp.*, 686 F.3d 62 (2d Cir. 2012) (adopting later-served defendant rule). Therefore, even if Univision had a removal right and waived it, such a waiver would have no effect on CIR's right to remove the case to federal court.

      ***Third***, Plaintiff's suggestion that the state court's Order dismissing Univision's Motion to Dismiss without prejudice almost two weeks after removal was effected could somehow bar CIR's removal is entirely without merit. Pursuant to 28 U.S.C. § 1446(d), once removal is effected, "the state court shall proceed no further unless and until the case is remanded." Accordingly, the state court had no authority to dismiss the Univision motion. Nevertheless, even if the Court were to credit that dismissal, the state court expressly ruled that the motion was denied without prejudice due to CIR's Notice of Removal. Therefore, its dismissal was strictly ministerial, and did not reach the merits of the motion.

      Plaintiff's reliance on *Hill v. Citicorp*, 804 F. Supp. 514 (S.D.N.Y. 1992), is wholly misplaced. In *Hill*, fraudulent joinder was not at issue, and the defendant that filed the dispositive motion in that case was the same defendant that later sought removal only after the state court denied its motion on the merits. In other words, the defendant in *Hill* was plainly seeking a "second bite at the apple." That is not the case here. Only Univision filed a motion to dismiss in state court; Univision's motion to dismiss was undecided at the time the CIR Defendants removed the case to federal court; and it was only after removal (and after it had been divested of jurisdiction) that the state court denied Univision's motion to dismiss without prejudice, expressly in light of the removal.

Plaintiff's waiver argument is thus entirely baseless and cannot support her motion for remand.

**B.** **Personal Jurisdiction is Irrelevant to Whether Removal was Proper**

Plaintiff also argues that because New York has personal jurisdiction over CIR, this Court lacks jurisdiction or for some reason must cede jurisdiction to New York state court.  This argument has no basis in law, and the Court need not indulge it.

As the Court is well aware, the existence of personal jurisdiction over a party has no bearing on whether a federal court has diversity jurisdiction over a case or controversy.  The federal diversity jurisdiction statute grants original jurisdiction to district courts in all civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The touchstone of this grant of subject matter jurisdiction is the *citizenship* of the parties, not whether personal jurisdiction can be exercised over them.  Indeed, if state courts had exclusive jurisdiction over all claims against parties over which it exercised personal jurisdiction, diversity jurisdiction would be a nullity.

Here, while New York may be able to exercise personal jurisdiction over CIR, both CIR and Mr. Hooper are California citizens, Mr. Livesey is a Canadian citizen, and Plaintiff is a Massachusetts citizen.  If the Court determines that in-state Defendant Univision was improperly joined, this Court certainly has diversity jurisdiction.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant Center for Investigative Reporting, Inc. respectfully requests that this Court deny Plaintiff's Motion to Remand.

Dated: New York, New York
       July 16, 2015

DAVIS WRIGHT TREMAINE LLP

By: /s/ Thomas R. Burke
Thomas R. Burke (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 400
San Francisco, CA 94111
Phone: (415) 276-6552
Fax: (415) 489-9052
thomasburke@dwt.com

Jeremy A. Chase
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY  10019
Phone: (212) 489-8230
Fax: (212) 489-8340
jeremychase@dwt.com

Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
Phone: (202) 973-4248
Fax: (202) 973-4448
alisonschary@dwt.com

*Attorneys for Defendants Center for Investigative Reporting, Inc., Bruce Livesey, and Josiah Hooper*

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------- x

ERICA ALMECIGA,                                    :
                                                   :        Case No.: 1:15-cv-04319-JSR
                          Plaintiff,               :
                                                   :
            - against -                            :        **ECF CASE**
                                                   :
CENTER FOR INVESTIGATIVE                            :
REPORTING, INC., UNIVISION                          :
COMMUNICATIONS, INC., UNIVISION                     :
NOTICIAS, BRUCE LIVESEY,                            :
JOSIAH HOOPER,                                      :
                                                   :
                          Defendants.               :
                                                   :
------------------------------------------------------- x

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2015 I electronically filed the foregoing Center for

Investigative Reporting, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Remand with

the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification

of such filing to the following attorneys of record:

Kevin Landau                              Charles L. Babcock
The Landau Group, PC                      Nancy W. Hamilton
1221 Ave. of the Americas, 42nd Floor     Jackson Walker L.L.P
New York, NY 10020                        1401 McKinney Street, Suite 1900
Tel: (917)-584-2293                       Houston, TX 77010
Fax: (248)-671-0884                       Tel: (713) 752-4200
                                          Fax: (713) 752-4221

                                          Laurie Berke-Weiss
                                          Maria Wai-Yee Wong
                                          Berke-Weiss Law PLLC
                                          7 Time Square
                                          New York, NY 00000
                                          Tel: (212) 894-6784
                                          Fax: (212) 395-1669

This 16th day of July, 2015.

18

DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Facsimile:  (212) 489-8340

/s/ Jeremy A. Chase
Jeremy A. Chase
Attorney for Defendants