UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERICA ALMECIGA,  :
  :
       Plaintiff,  : Case No. 1:15-CV-04319-JSR
  :
  - against -  :
  :
CENTER FOR INVESTIGATIVE  : Removed from the Supreme Court of
REPORTING, INC., UNIVISION  : the State of New York, New York County,
COMMUNICATIONS, INC.,  : Index No. 651354/2015
UNIVISION NOTICIAS,  :
BRUCE LIVESEY, JOSIAH HOOPER,  :
  :
       Defendants.  :
  :
------------------------------------------------------------X

## DEFENDANTS UNIVISION COMMUNICATIONS INC. AND UNIVISION NOTICIAS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT UNIVISION'S MOTION TO DISMISS

                                          Charles L. Babcock
                                          *Admitted Pro hac vice*
                                          Nancy Hamilton
                                          *Admitted Pro hac vice*
                                          JACKSON WALKER L.L.P.
                                          1401 McKinney, Suite 1900
                                          Houston, Texas 77010
                                          Telephone: (713) 752-4200
                                          Facsimile: (713) 752-4221

                                          Laurie Berke-Weiss
                                          Berke-Weiss Law PLLC
                                          7 Times Square
                                          18th Floor
                                          New York, NY 10036
                                          Telephone: (212) 894-6784
                                          Facsimile: (646) 395-1669

                                          *Attorneys for Defendants' Univision*
                                          *Communications Inc. and Univision*
                                          *Noticias*

## TABLE OF AUTHORITIES

**Cases**

*Abraham v. Entrepreneur Media, Inc.,* 2009 WL 4016515, at *1, n.1 (E.D.N.Y. 2009) ............ 2

*Anderson v. Strong Memorial Hospital,* 151 Misc.2d 353, 354, 359, 358 (N.Y. 1991) ............ 4, 5

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ............ 2

*Cohen v. Cowles Media Co.,* 501 U.S. 663, 665, 671 (1991) ............ 2, 3, 5

*Gonzalez v. Caballero,* 572 F. Supp. 2d 463, 467 (S.D.N.Y. 2008) ............ 2

*Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) ............ 2

*Jane Doe v. American Broadcasting Companies,* 152 A.D.2d 482,
  543 N.Y.S.2d 455 (1989) ............ 4, 5

*Vaill v. Oneida Dispatch Corp.,* 129 Misc. 2d 477, 479, 493 N.Y.S.2d 414 (1985) ............ 5

*Watson v. MTV Network Enter., Inc.,* No. 156523-12,
  2013 N.Y. Misc. LEXIS 5099 at *8 (2013) ............ 5

**Statutes**

Fed.R.Civ.P. 12(b)(6) ............ 1

N.Y. CPLR § 3211 ............ 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERICA ALMECIGA,

        Plaintiff,

- against -

CENTER FOR INVESTIGATIVE
REPORTING, INC., UNIVISION
COMMUNICATIONS, INC.,
UNIVISION NOTICIAS,
BRUCE LIVESEY, JOSIAH HOOPER,

        Defendants.

------------------------------------------------------------X

Case No. 1:15-CV-04319-JSR

Removed from the Supreme Court of
the State of New York, New York County,
Index No. 651354/2015

**DEFENDANTS UNIVISION COMMUNICATIONS, INC. AND UNIVISION NOTICIAS'
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT UNIVISION'S
MOTION TO DISMISS**

Defendants Univision Communications Inc. (sued herein as Univision Communications Inc. and Univision Noticias [1]) ("Univision") file this Reply to Plaintiff's Opposition to Defendant Univision's Motion to Dismiss pursuant to N.Y. C.P.L.R. 3211(a)(1), (7) as follows:

**I.**

In deciding motions to dismiss brought under Fed.R.Civ.P. 12(b)(6), the court applies a "plausibility standard," which is guided by two working principles: (1) although the court must accept all of a complaint's allegations as true, this tenet is "inapplicable to legal conclusions"; thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and (2) only complaints that state a "plausible claim for relief"

---

[1] Univision Noticias appears to refer to the news division of the Univision Network (The Univision Network Limited Partnership, which is a subsidiary of Univision Network & Studios, Inc., which is a subsidiary of Univision Communications Inc.). It is not a separate legal entity.

survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The sole complaint against Univision is the conclusory allegation that Univision had a duty to exercise a reasonable degree of care before airing an interview of Ms. Almeciga denouncing Los Zetas, which was filmed and produced by a third party. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (hereinafter defined as "Pl.'s Opp'n Mem.") at 2. To prevail in bringing a negligence claim, Plaintiff must show that Univision owed a duty of care "specifically" to her because, "without a duty running directly to the injured person there can be no liability in damages, however, careless the conduct or foreseeable the harm." *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 467 (S.D.N.Y. 2008) (holding a freight company did not owe a duty of care to the plaintiff, even assuming the freight company had a contractual obligation to the hospital where the plaintiff worked). Here, Plaintiff fails to state a claim for negligence because under New York law, there is no duty of care, no duty to investigate, and no duty to verify, absent some direct or special relationship between the media defendant and the plaintiff. *See, e.g., Abraham v. Entrepreneur Media, Inc.*, 2009 WL 4016515, at *1, n.1 (E.D.N.Y. 2009).

In support of her opposition, Plaintiff erroneously relies on *Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991) as controlling. *See* Pl.'s Opp'n Mem. at 5-9. In *Cohen*, however, the question before the Court was whether the First Amendment prohibited the plaintiff from recovering damages under state promissory estoppel law, for a newspaper's breach of confidentiality given to the plaintiff. The Court held it did not. *Cohen*, 501 U.S. at 665. The plaintiff, Cohen, had approached reporters from the St. Paul Pioneer Press Dispatch (Pioneer Press) and the Minneapolis Star and Tribune (Star Tribune) and offered to provide documents to

2

the reporters only if he was given a promise of confidentiality. *Id.* Reporters from both papers promised to keep Cohen's identity anonymous and Cohen turned the documents over. *Id.* After consultation and debate, the editorial staffs of the two newspapers independently decided to publish Cohen's name. *Id.* at 666. The Court, in holding the plaintiff there could move forward on a claim of promissory estoppel, noted the First Amendment does not confer upon the press a constitutional right to disregard promises that would otherwise be enforced under state law, stating "[*t*]*he parties themselves*, as in this case, *determine the scope of their legal obligations*, and any restrictions that may be placed on the publication of truthful information are self-imposed." *Id.* at 671 (emphasis added). This is crux of the opinion in *Cohen* and the distinguishing factor here. Unlike *Cohen,* where the editorial staffs decided to break their reporters' promises and publish Cohen's name, the Complaint *does not allege a single fact* to support a relationship of *any type* between Univision and Plaintiff let alone one promising confidentiality. *See* Plaintiff's Complaint, attached as Exhibit A to the Affirmation of Laurie Berke-Weiss in Support of Defendants' Univision Communications Inc. and Univision Noticias' Motion to Dismiss, (hereafter referred to as "Compl.").

Plaintiff's fast and loose attempt to align her allegations against Univision with *Cohen* by claiming in the Opposition that "Defendant Univision did not obtain the use of Plaintiff's identity or story lawfully, at least for purposes of publishing it," is also unavailing. Pl.'s Opp'n Mem. at 8. There simply are no allegations in the Complaint that Univision unlawfully obtained the Report. Indeed, the Complaint alleges the opposite. The Complaint, in the fraud claim (Cause of Action Two) alleged against Defendants Center for Investigative Reporting, Bruce Livesay and Josiah Hooper, states "Defendants illegally obtained a signature by someone other than Plaintiff…[t]his forgery was purportedly then used by Defendant CIR as authorization to use the

unconcealed interview of Plaintiff in their Report, and *so that Defendant CIR could sell, and/or license, the Report to Univision.*" Compl. at 9, ¶ 46 (emphasis added).

Plaintiff's reliance on *Anderson v. Strong Memorial Hospital,* 151 Misc.2d 353 (N.Y. 1991) and *Jane Doe v. American Broadcasting Companies,* 152 A.D.2d 482, 543 N.Y.S.2d 455 (1989) is equally misplaced. Regarding *Anderson*, Plaintiff misrepresents the facts of the case by referencing only the breach of the confidential patient-physician privilege, as the basis for finding Gannett owed a duty. *See* Pl.'s Opp'n Mem. at 10. To the contrary, in *Anderson,* where suit was brought against two doctors and Gannett stemming from the publication of the plaintiff's photograph in a Gannett newspaper, the plaintiff's "photograph was taken by a Gannett photographer *upon the express assurance given by the Gannett photographer and a Gannett reporter to… Anderson [and his doctor] that he would not be recognizable.*" *Anderson,* 151 Misc.2d at 354 (emphasis added). The story and photograph about the doctor and the hospital caring for patients with AIDS was published two days later and the plaintiff was recognized by members of his family and friends. *Id.* Finding the "three dimensions of contract law, offer, acceptance and consideration were all met," the court in *Anderson* found "Gannett voluntarily undertook to self-censor itself by agreeing that Anderson would not be recognizable…[t]he duty…springs from the relationship created by this promise." *Id.* at 359.

In *Jane Doe,* 152 A.D.2d 482, the plaintiffs were rape victims who were approached by WABC-TV, which was planning a special report on rape, involving interviews with rape victims. *Id.* at 483. The plaintiffs received repeated assurances from defendants that neither their faces nor their voices would be recognizable in television broadcasts. *Id.*

Consequently, in each of these cases cited by Plaintiff, there were allegations of promises of anonymity made directly to the plaintiffs by the defendants who subsequently broke those

promises. It is the making of the promise that the courts held created a duty. *See, e.g., Anderson*, 151 Misc. 2d at 358 ("determined by the Supreme Court in *Cohen v. Cowles Media*, is that an unkept promise to a news source makes the press' conduct unlawful"). There are no allegations here of any promises made by Univision to Plaintiff nor could there be since it was a stranger to the transaction. There also are no allegations of any relationship between Univision and Plaintiff that would create any legal obligations that could possibly impose a duty of care. *Cf. Cohen*, 501 U.S. at 671 ("[*t*]*he parties themselves*, as in this case, *determine the scope of their legal obligations*, and any restrictions that may be placed on the publication of truthful information are self-imposed.") (emphasis added)). *Cohen, Anderson* and *Jane Doe*, therefore, are inopposite.

Notably, Plaintiff does not address *Vaill v. Oneida Dispatch Corp.*, 129 Misc. 2d 477, 479, 493 N.Y.S.2d 414 (1985) or *Watson v. MTV Network Enter., Inc.*, No. 156523-12, 2013 N.Y. Misc. LEXIS 5099 at *8 (2013) and other cases cited by Univision in its motion for the settled proposition under New York law that an action for negligence will not lie against a media defendant who is not a party to an alleged agreement for failure to verify or investigate. *See* Defendants Univision Communications Inc. and Univision Noticias' Memorandum of Law in Support of Their Motion to Dismiss at 4-5. Indeed, Plaintiff does not cite a single case in support of the proposition that there is an independent duty of care to investigate or verify under the circumstances alleged against Univision in the Complaint sufficient to state a cause of action for negligence.

The Complaint, therefore, fails to state a plausible claim of relief and cannot survive Univision's motion to dismiss. The motion should in all things be granted.

Dated:  New York, New York
        July 21, 2015

Respectfully submitted,

By: *Charles L. Babcock* /LBW
Charles L. Babcock
*Admitted Pro hac vice*
Nancy Hamilton
*Admitted Pro hac vice*
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

By: [signature]
Laurie Berke-Weiss
Maria W. Wong
Berke-Weiss Law PLLC
7 Times Square
18th Floor
New York, NY 10036
Telephone: (212) 894-6784
Facsimile: (646) 395-1669

*Attorneys for Defendants' Univision Communications Inc. and Univision Noticias*