UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERICA ALMECIGA,                              :
                                             :
            Plaintiff,                       :  Case No. 1:15-CV-04319-JSR
                                             :
    - against -                              :
                                             :
CENTER FOR INVESTIGATIVE                     :  Removed from the Supreme Court of
REPORTING, INC., UNIVISION                   :  the State of New York, New York County,
COMMUNICATIONS, INC.,                        :  Index No. 651354/2015
UNIVISION NOTICIAS,                          :
BRUCE LIVESEY, JOSIAH HOOPER,                :
                                             :
            Defendants.                      :
                                             :
-------------------------------------------------------------X

**REPLY OF DEFENDANTS UNIVISION COMMUNICATIONS, INC. AND
UNIVISION NOTICIAS TO PLAINTIFF'S
SUPPLEMENT MEMORANDUM OF LAW (ECF NO. 37)**

Charles L. Babcock
*Admitted Pro hac vice*
Nancy Hamilton
*Admitted Pro hac vice*
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

Laurie Berke-Weiss
Berke-Weiss Law PLLC
7 Times Square
18th Floor
New York, NY 10036
Telephone: (212) 894-6784
Facsimile: (646) 395-1669

*Attorneys for Defendants' Univision
Communications, Inc. and Univision
Noticias*

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anwar v. Fairfield Greenwich Ltd.*
  306 F.R.D. 134 (SDNY 2015) ......................................................................6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ("Ashcroft") ..............................................................4

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ("Twombly") ..............................................................4

*Boccardi Capital Systems v. D.E. Shaw Laminar Portfolios, LLC,*
  355 Fed. Appx. 516 (2d Cir. 2009) ............................................................5

*In re Refco Securities Litigation (Krys v. Sugrue),*
  2012 U.S. Dist. LEXIS 25661 (S.D.N.Y. 2012) ........................................4

*MDO Development Corp. v. Kelly,*
  726 F. Supp. 79 [S.D.N.Y. 1989] ..............................................................9

*Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,*
  324 U.S. 806 (1945) ....................................................................................3

*Van Brunt v. Rauschenburg,*
  799 F. Supp. 1467 [S.D.N.Y. 1992] ..........................................................9

*Widett v. United States Fidelity & Guaranty Co.,*
  815 F.2d 885 (2d Cir. 1987) ......................................................................6

*Williams & Sons Erectors, Inc. v. South Carolina Steel Corp.,*
  1993 U.S. App. LEXIS 598 (2d Cir. 1993) ................................................6

**OTHER CASES**

*Augeri v. Roman Catholic Diocese,*
  225 A.D.2d 1105 (4th Dep't 1996) ............................................................7

*Corto v. Fujisankei Int.,*
  177 A.D.2d 397 [1st Dep't 1991] ..............................................................9

*Duran v. Bautista,*
  2015 Slip Op. 50507 [Sup Ct, New York County 2015] ............................9

*Georgia Malone & Co., Inc. v. Rieder,*
  19 N.Y.3d 511 (2012) ................................................................................8

*Glanzer v. Shepard*,
 233 N.Y. 236 (1922) .................................................................................5, 6

*Mathurin v. Lost & Found Recovery, LLC*,
 65 A.D.3d 617 (2d Dep't 2009) ..............................................................7

*Mathurin v. Lost & Found Recovery, LLC*,
 854 N.Y.S.2d 629, Aff'd ...........................................................................7

*Murphy v. Kuhn*,
 90 N.Y.2d 266 (1997) ...............................................................................6

*Phillips Intl. Invs., LLC v. Pektor*,
 117 A.D.3d 1 [1ˢᵗ Dep't 2014] ..................................................................9

*Prudential-Bache Sec., Inc. v. Resnick Water St. Dev. Co.*,
 161 A.D.2d 456 (1ˢᵗ Dep't 1990) ..............................................................6

*White v. Guarente*,
 43 N.Y.2d 356 (1977) .............................................................................5, 6

*Zucker v. Kid Gloves*,
 234 A.D.2d 598 (2d Dep't 1996) ..............................................................6

**RULES**

Rule 12(b)(6) .......................................................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERICA ALMECIGA,                                    :
                                                   :
                Plaintiff,                         :   Case No. 1:15-CV-04319-JSR
                                                   :
      - against -                                  :
                                                   :
CENTER FOR INVESTIGATIVE                           :   Removed from the Supreme Court of
REPORTING, INC., UNIVISION                         :   the State of New York, New York County,
COMMUNICATIONS, INC.,                              :   Index No. 651354/2015
UNIVISION NOTICIAS,                                :
BRUCE LIVESEY, JOSIAH HOOPER,                      :
                                                   :
                Defendants.                        :
                                                   :
------------------------------------------------------------X

### REPLY OF DEFENDANTS UNIVISION COMMUNICATIONS, INC. AND UNIVISION NOTICIAS TO PLAINTIFF'S SUPPLEMENT MEMORANDUM OF LAW (ECF NO. 37)

Defendants Univision Communications, Inc. and Univision Noticias ("Univision") reply to Plaintiff Erica Almeciga's ("Plaintiff") Supplemental Memorandum of Law ("SMOL") as follows:

## I.    INTRODUCTION

In opposing Univision's motion to dismiss Plaintiff conjures up theories she has not plead (third party beneficiary under a contract between Univision and co-defendant CIR ("The CIR Agreement"); negligent infliction of emotional distress; and libel), none of which would plausibly state a claim under her pleadings.  She does expressly disavow any claim for invasion of privacy and correctly notes that she has no such claim under New York law (SMOL at § d p. 15).

Her response to Univision's motion to dismiss her unjust enrichment claim misreads the cases and, in a situation where she asks the court to do equity, fails to explain why she posted on

a public chat site, a year before the CIR broadcast ("The Report"), her picture as "Retas Wifey" with the salutation, "Hi my name is Eryca and I could really use some advice..." (ECF No. 22-3, Ex. C to Univision's Motion to Dismiss [ECF No. 21]).  Absent too is any denial or explanation of Univision's Exhibit B to its motion to dismiss, a You Tube video titled "new interview of myself and my husband Rosalio Reta" posted by Plaintiff  (hacked @eryca_reta) on July 22, 2013 (the Univision Broadcast of the CIR Report is alleged to be "late 2013" [AC at § 20]).  At 1:41 of the video clip, which contains "excerpts" of the CIR Report, plaintiff is shown under the caption "Eryca Almeciga-Reta, Rosalio Reta's wife" as she discusses her husband's relationship with the Zetas' gang leader Miguel Trevino.  Her face is clearly visible.  *See* Exhibit B to Affirmation of Laurie Berke-Weiss, ECF No. 22-2; Endorsed Letter, ECF No. 23 (the CD was hand delivered to the Clerk on June 29, 2015).

Here is a screen shot of the You Tube video posted by the Plaintiff:



Unjust enrichment is a quasi-contract theory and, as Plaintiff concedes, one element of the claim requires "equity and good conscience."  SMOL at 10.  There is a maxim of equity jurisprudence that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945). "This maxim is far more than a mere banality…" and is instead "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Id.*  By posting the CIR interview on the internet with her face revealed while at the

3

same time maintaining in this Court that to her "utter horror" CIR and Univision "left her identity completely exposed" (Plaintiff's Amended Complaint at ¶ 24), Plaintiff demonstrates that her hands have not been washed in some time.

## II.     THE STANDARD UNDER RULE 12(b)(6)

The United States Supreme Court has defined the standard for evaluating whether a complaint is sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("Twombly"); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Ashcroft"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Ashcroft* at 678.

As the Court explained, "[to] survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Accord, *In re Refco Securities Litigation (Krys v. Sugrue)*, 2012 U.S. Dist. LEXIS 25661 at *37 (S.D.N.Y. 2012).  Plaintiff's Amended Complaint ("AC"), which was filed on July 24, 2015 (ECF No. 36), after removal and therefore subject to Rule 12(b)(6), does not meet that standard as to the two claims against Univision.

## III.     PLAINTIFF HAS NEITHER PLEAD NOR DOES SHE HAVE "RIGHTS UNDER THE PARTNERSHIP LICENSING AGREEMENT BETWEEN DEFENDANT CIR AND DEFENDANT UNIVISION"
### (In Reply to SMOL at pp. 1-4)

Plaintiff says, for the first time, that (i) Univision had obligations to Plaintiff under the CIR Agreement and that (ii) "Plaintiff also had rights under that agreement as well."  SMOL at p. 3.

First, Plaintiff has not pled a contract based claim (which would be inconsistent with her unjust enrichment cause of action[1]), and second, no such claim could plausibly be stated based on her allegations.

The AC, which added a claim for unjust enrichment but otherwise did not make any substantive changes to the allegations against Univision, asserts that "…CIR agreed to provide Univision access to CIR stories…" (§4) (which) CIR would sell or license to Univision (§46). It further alleges that "[t]he collaboration between the two organizations was on all aspects of programming…" (§4), but doesn't say whether this was part of the CIR Agreement or if it related to the Report. Indeed, as we explain below, preparation of the Report here was totally among Plaintiff, her husband, and CIR, with no involvement by Univision.

There is no allegation (nor could there be) that Plaintiff is a party to the CIR Agreement. But, Plaintiff says, a contract "may inure to the benefit of others" (SMOL at 1). While this can, of course, be true under certain limited circumstances, it is certainly not the case here. Her allegations are that CIR provided services to Univision in exchange for money, just as the accounting firm did for the limited partnership in *White v. Guarente*, 43 N.Y.2d 356 (1977), and the weigher did for the contracting party's customer in *Glanzer v. Shepard*, 233 N.Y. 236 (1922). That the limited partners could sue the accounting firm for professional malpractice and negligent misrepresentation or that the customer could sue the weigher who misrepresented the bean count for negligent misrepresentation is hardly remarkable.

But here, under Plaintiff's allegations, the party providing the services (CIR's reports) is CIR, and Univision is the party paying for the services, not Plaintiff. In other words, Plaintiff did not pay CIR for services in reliance on something Univision did for CIR, which would be the

---

[1] *See Boccardi Capital Systems v. D.E. Shaw Laminar Portfolios, LLC*, 355 Fed. Appx. 516, 519-20 (2d Cir. 2009) (a claim of unjust enrichment and constructive trust is "precluded by the existence of an express written contract").

scenario described in Plaintiff's cited cases – in both cases, the plaintiff was intended to benefit from a transaction to which the plaintiff was not a party.  Here, there is no allegation (nor could there be) that Plaintiff was intended to benefit in any way from the transaction between CIR and Univision to which she was not a party.  The allegations of the AC all focus on CIR's relationship with Plaintiff, not CIR's relationship with Univision:  (CIR) "contacted Plaintiff" (§9); "over … several months (CIR) … exchanged correspondence" with plaintiff (§10); CIR "informed" (Plaintiff) that (it) "agreed to produce the report…" (§13); Plaintiff "travelled to Woodville, Texas to meet (CIR)" (§15);  and (CIR) "supplied (Plaintiff) with an airline ticket, food and hotel," but otherwise she did not "receive any financial compensation for the interviews" (from CIR §18).

None of the cases cited by Plaintiff hold or even suggest that Plaintiff would be accorded rights under the CIR Agreement with Univision, even assuming that she had pled such a claim.

In the negligent misrepresentation cases/breach of fiduciary duties cases (like *Glanzer* and *White)*, New York courts recognize that "[t]he ambit of duty created by privity and relationships so close as to approach that of privity is narrowly defined in this State (New York)…," *Prudential-Bache Sec., Inc. v. Resnick Water St. Dev. Co.*, 161 A.D.2d 456 (1st Dep't 1990); *Williams & Sons Erectors, Inc. v. South Carolina Steel Corp.*, 1993 U.S. App. LEXIS 598 (2d Cir. 1993); *Anwar v. Fairfield Greenwich Ltd.* 306 F.R.D. 134 , 141 (SDNY 2015).  *See also Widett v. United States Fidelity & Guaranty Co.*, 815 F.2d 885 (2d Cir. 1987).  *See also Murphy v. Kuhn*, 90 N.Y.2d 266 (1997) (Summary judgment appropriate where the relationship between the parties was insufficient to warrant the initiatory advisement duty).

*Zucker v. Kid Gloves*, 234 A.D.2d 598 (2d Dep't 1996) (cited by Plaintiff at SMOL p. 3), is a third party beneficiary case where Plaintiff was an architect who exhibited in a New Orleans

gallery, which then contracted to ship the work back to New York at the end of the exhibit. The art work was damaged and the artist sued the shipper claiming that "he is a third-party beneficiary to the shipping contract under Louisiana law." *Id* at 599. That claim has not been asserted here and would be futile if it were because there was no privity or close to privity relationship between Plaintiff and Univision.

*Augeri v. Roman Catholic Diocese*, 225 A.D.2d 1105 (4th Dep't 1996), also relied upon by Plaintiff (SMOL at 3) is a case where the Augeri family purchased six cemetery lots from the Roman Catholic Diocese, which unbeknownst to the Augeri's, sold one of the plots to a third party. The claim was for negligent infliction of emotional distress, which the court held could be tried, without extended discussion. No such claim has been pled here.

*Mathurin v. Lost & Found Recovery, LLC,* 854 N.Y.S.2d 629, Aff'd as modified, 889 N.Y.S.2d 482 (2008), cited by Plaintiff (SMOL p. 3), was a claim by a home owner against a mortgage company. But on the point relied upon by Plaintiff, the court was reversed. *See Mathurin v. Lost & Found Recovery, LLC*, 65 A.D.3d 617 (2d Dep't 2009) ("Contrary to plaintiff's contentions the defendants ... did not owe her a duty....").

The AC added a claim of unjust enrichment (Count VI) against Univision, but it again relies on a negligence theory ("Defendant Univision obtained the CIR Report ... unjustly and published it in a negligent manner for the world to see." AC at § 107). There is no hint in this pleading (filed less than two weeks ago) that Plaintiff is claiming to be a third party beneficiary of an alleged Partnership or Licensing Agreement. In fact, this Count sounds more like a privacy claim ("CIR's use of Plaintiff's face ... essentially represents an 'exclusive' interview...." AC at § 115). But Plaintiff has expressly disclaimed such a claim (and properly so). SMOL at p. 15. ("Plaintiff does not have an invasion of privacy claim under New York law.")

IV.   **PLAINTIFF HAS NOT STATED A CLAIM FOR
NEGLIGENCE AGAINST UNIVISION**
(In reply to SMOL at pp. 5-10)

We will not repeat our prior briefing on this claim, but will point out that all of the new cases Plaintiff cites involve libel claims (we will not belabor further comment on the Cowles Media case). It is certainly true that a libel claim requires Plaintiff to demonstrate some degree of fault by the publisher, but a defamation claim is defeated here because Plaintiff admits the broadcast was true. None of the cases cited stand for the proposition that there is a stand-alone negligence claim against the media when it reports on matters of public concern as here and, as we pointed out before, there is no such claim.

V.   **PLAINTIFF HAS NOT STATED A CLAIM
FOR UNJUST ENRICHMENT AGAINST UNIVISION**
(In Reply to SMOL at pp. 10-14)

Plaintiff argues that "a person who shares in what is improperly taken is accountable for unjust enrichment." SMOL at 10.

Plaintiff acknowledges that she must allege "some connection or relationship between the parties that induced the plaintiff to act or caused reliance on the plaintiff's part." *Id*. But she claims that "at least an awareness by the defendant of the plaintiff's existence" suffices. *Id*. But as the New York Court of Appeals recently wrote, "...mere knowledge that another entity created the documents is insufficient to support a claim for unjust enrichment,... Our mention of awareness in *Mandarin* was intended to underscore the complete lack of a relationship between the parties in that case." *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 517 (2012).

Simply put the New York courts require a relationship that could have "caused reliance or inducement" and that the relationship was not too attenuated. *Id*. at 521. Here, as in *Georgia Malone*, Plaintiff and Univision "had no dealings with each other," they did not have "any

contact regarding the ... transaction," and there is no claim that the relationship between CIR and Univision was "anything other than arm's length business interactions...." *Id* at 518.

The cases relied upon by Plaintiff do not hold otherwise (nor could they establish precedent as they are lower courts). The relationships at issue in those cases were far different than what is at issue here: a restaurant manager who embezzled funds from owner (*MDO Development Corp. v. Kelly*, 726 F. Supp. 79 [S.D.N.Y. 1989]); a television producer who presented a program for Japanese audiences to a Japanese television company who began using the product without credit or compensation (*Corto v. Fujisankei Int.*, 177 A.D.2d 397 [1st Dep't 1991]); a painter's assistant who had a 21-year relationship with a painter who refused to provide him, as promised, examples of works created together as well as living and business expenses (*Van Brunt v. Rauschenberg*, 799 F. Supp. 1467 [S.D.N.Y. 1992]); a company that entered into a joint venture with the defendants (*Phillips Intl. Invs., LLC v. Pektor*, 117 A.D.3d 1 [1st Dep't 2014]); and an art dealer involved in a fraudulent scheme regarding proceeds of a painting upon which some Plaintiffs had a judgment (*Duran v. Bautista*, 2015 Slip Op. 50507 [Sup Ct, New York County 2015]).

## VI.   CONCLUSION

Plaintiff has provided no basis to deny Univision's motion. It should, therefore, be granted, and Univision should be provided such additional relief as to which it is entitled.

Respectfully submitted,


By: */s/ Charles L. Babcock*
    Charles L. Babcock
    *Admitted Pro hac vice*
    Nancy Hamilton
    *Admitted Pro hac vice*
    JACKSON WALKER L.L.P.
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    Telephone: (713) 752-4200
    Facsimile: (713) 752-4221



By: */s/ Laurie Berke-Weiss*
    Laurie Berke-Weiss
    Berke-Weiss Law PLLC
    7 Times Square
    18th Floor
    New York, NY 10036
    Telephone: (212) 894-6784
    Facsimile: (646) 395-1669

    *Attorneys for Defendants' Univision*
    *Communications, Inc. and Univision Noticias*

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of August 2015, the foregoing was served upon counsel of record as indicated below:

Kevin A. Landau
The Landau Group, P.C.
1221 Ave. of the Americas, 42nd Floor
New York, New York 10020

    */s/ Charles L. Babcock*
    Charles L. Babcock