UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------- x
ERICA ALMECIGA,

   Plaintiff,

- against -

CENTER FOR INVESTIGATIVE REPORTING, INC., UNIVISION COMMUNICATIONS, INC., UNIVISION NOTICIAS, BRUCE LIVESEY, JOSIAH HOOPER,

   Defendants.
---------------------------------------------------------------- x

Case No.: 1:15-cv-04319-JSR

Hon. Jed. S. Rakoff

**ANSWER TO**
**AMENDED COMPLAINT**

  Defendant Center for Investigative Reporting, Inc., ("Defendant" or "CIR"), by its undersigned attorneys Davis Wright Tremaine LLP, hereby answer or otherwise respond to Plaintiff's Amended Complaint. To the extent that the headings contained in the Amended Complaint constitute allegations, such allegations are denied. Each and every allegation contained in the Amended Complaint not specifically admitted herein is denied.

### RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION AND PARTIES

  1. To the extent the allegations set forth in Paragraph 1 of the Amended Complaint are deemed to be allegations of law, CIR is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, CIR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Amended Complaint.

  2. To the extent the allegations set forth in Paragraph 2 of the Amended Complaint are deemed to be allegations of law, CIR is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, CIR denies the allegations set forth in Paragraph

2 of the Amended Complaint, except admits that it is a non-profit California corporation, and conducts ongoing investigative reporting projects in various disciplines, in multiple media formats, and through numerous channels.

3.     To the extent the allegations set forth in Paragraph 3 of the Amended Complaint are deemed to be allegations of law, CIR is not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, CIR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the Amended Complaint, except admits on information and belief that the report at issue is available on Univision Noticias' YouTube channel at the URL cited in Paragraph 3 of the Amended Complaint.

4.     In response to the allegations of Paragraph 4 of the Amended Complaint, which purports to characterize an August 14, 2012 press release announcing a partnership between CIR and Univision, CIR states that the press release speaks for itself and respectfully refers the court to that document for the contents thereof, available at http://corporate.univision.com/2012/08/center-for-investigative-reporting-and-univision-news-announce-partnership/.  CIR admits that CIR and Univision entered into a partnership as described in the press release but denies that Univision and CIR collaborate on "all aspects of programming, from selection of story topics to production and editing" for each and every story.  CIR further denies that Univision played any part in the conception, planning, production, or editing of the Report at issue in this matter.  Except as expressly admitted, CIR denies the allegations of Paragraph 4 of the Amended Complaint.

5.     To the extent the allegations set forth in Paragraph 5 of the Amended Complaint are deemed to be allegations of law, CIR is not required to plead thereto.  To the extent that such

allegations are deemed to be allegations of fact, CIR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Amended Complaint, except admits that Defendant Bruce Livesey was a freelance producer for CIR on the Report at issue.

6. To the extent the allegations set forth in Paragraph 6 of the Amended Complaint are deemed to be allegations of law, CIR is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, CIR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Amended Complaint, except admits that Defendant Josiah Hooper was a freelance producer for CIR on the Report at issue.

## RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the body of Paragraph 8 of the Amended Complaint, except admits on information and belief that Reta was a resident of the Woodville Penitentiary, located in Woodville, Texas. CIR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in footnote 1 to Paragraph 8 of the Amended Complaint, except denies Ms. Almeciga has been placed in danger as a result of any actions taken by CIR or the Report at issue.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Amended Complaint, except admits on information and belief that the Canadian Broadcast Channel ("CBC") aired an interview with Ms. Almeciga on or about July 4, 2012.

12. To the extent that the allegations set forth in Paragraph 12 of the Amended Complaint purport to characterize the contents of the CBC report, CIR states that the CIR report speaks for itself and respectfully refers the court to that report for the contents thereof. CIR otherwise denies the allegations of Paragraph 12 of the Amended Complaint.

13. Admits that CIR agreed to produce the Report and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Admits that Defendants Livesey and Hooper met with Ms. Almeciga in Woodville, Texas, on or about August 14, 2012, and otherwise denies the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Admits that CIR has video footage of Plaintiff and that only a few minutes of that footage was broadcast, and otherwise denies the allegations set forth in Paragraph 17 of the Amended Complaint, including the allegation that the Report "has managed to already destroy her life."

18. Admits the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Admits the allegations set forth in Paragraph 19 of the Amended Complaint, except denies that CIR broadcast the Report in "late 2013."

20. Admits on information and belief the allegations set forth in Paragraph 20 of the Amended Complaint, except denies that the Report was broadcast in "late 2013."

21. Denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Admits on information and belief the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Admits that Plaintiff's identity is not concealed in the Report available through the CIR or Univision Noticias YouTube channels, in accordance with the Release executed by Plaintiff (attached hereto as Exhibit A), and otherwise denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Admits that Plaintiff's identity was not concealed in the Report, in accordance with the Release executed by Plaintiff, and otherwise denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Amended Complaint.

27. Denies the allegations set forth in the body of Paragraph 27 of the Amended Complaint, except admits on information and belief that Los Zeta cartel is reputedly a violent organization. CIR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in footnote 2 of Paragraph 27 of the Amended Complaint,

except admits that Plaintiff's participation in the Report was in relation to Reta's reformation while in prison and her observations as to how Reta's life was affected by Los Zeta.

28. Denies the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Admits that the CIR Report has accumulated in excess of 250,000 views on its YouTube channel and otherwise denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Admits on information and belief the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Denies the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Admits that Plaintiff's counsel sent a Cease and Desist demand, but denies that it was sent in August 2014. CIR further admits that after receiving the demand letter from Plaintiff's counsel, counsel for CIR provided Plaintiff's counsel with a copy of the Release signed by Plaintiff. Except as expressly admitted, CIR denies the allegations of Paragraph 33 of the Amended Complaint.

34. Denies the allegations of Paragraph 34 of the Amended Complaint, except admits that Plaintiff has subsequently denied seeing or signing the Release and that Plaintiff has claimed that she submitted the signature to a "handwriting expert."

35. To the extent the allegations set forth in Paragraph 35 of the Amended Complaint are deemed to be allegations of law, CIR is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, Defendant denies the allegations.

## RESPONSE TO CAUSE OF ACTION ONE

### BREACH OF CONTRACT
### Against Defendant Center for Investigative Reporting

36.     CIR repeats and realleges each of their above responses to Paragraph 1 through 35 of the Amended Complaint as if fully set forth at length herein.

37.     Denies the allegations set forth in Paragraph 37 of the Amended Complaint, except admits that Plaintiff and CIR entered a legally binding agreement whereby Plaintiff released CIR from all claims associated with her interview and appearance in the Report at issue.

38.     Denies the allegations set forth in Paragraph 38 of the Amended Complaint, except admits that Plaintiff participated in an interview with CIR, and Plaintiff's identity was not concealed.

39.     Denies the allegations set forth in Paragraph 39 of the Amended Complaint.

40.     Denies the allegations set forth in Paragraph 40 of the Amended Complaint.

41.     Denies the allegations set forth in Paragraph 41 of the Amended Complaint.

42.     Denies the allegations set forth in Paragraph 42 of the Amended Complaint.

## RESPONSE TO CAUSE OF ACTION TWO

### FRAUD
### Against Defendants
### Center for Investigative Reporting, Bruce Livesey and Josiah Hooper

43.     CIR repeats and realleges each of its above responses to Paragraph 1 through 42 of the Amended Complaint as if fully set forth at length herein.

44.     Denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45.     Denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46.     Denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     Denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Denies the allegations set forth in Paragraph 49 of the Amended Complaint.

50. Denies the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Denies the allegations set forth in Paragraph 52 of the Amended Complaint.

53. Denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57. Denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60. Denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61. Denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Denies the allegations set forth in Paragraph 62 of the Amended Complaint.

## RESPONSE TO CAUSE OF ACTION THREE

**FRAUDULENT CONCEALMENT**
**Against Defendants**
**Center for Investigative Reporting, Bruce Livesey and Josiah Hooper**

63. CIR repeats and realleges each of its above responses to Paragraph 1 through 62 of the Amended Complaint as if fully set forth at length herein.

64. Denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Denies the allegations set forth in Paragraph 66 of the Amended Complaint.

67. Denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68. Denies the allegations set forth in Paragraph 68 of the Amended Complaint.

69. Denies the allegations set forth in Paragraph 69 of the Amended Complaint.

70. Denies the allegations set forth in Paragraph 70 of the Amended Complaint.

71. Denies the allegations set forth in Paragraph 71 of the Amended Complaint.

72. Denies the allegations set forth in Paragraph 72 of the Amended Complaint.

## RESPONSE TO CAUSE OF ACTION FOUR

### NEGLIGENCE
### Against Defendant Univision

73. CIR repeats and realleges each of its above responses to Paragraph 1 through 72 of the Amended Complaint as if fully set forth at length herein.

74. CIR need not respond to the allegations set forth in Paragraph 74 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

75. CIR need not respond to the allegations set forth in Paragraph 75 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

76. CIR need not respond to the allegations set forth in Paragraph 76 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

77. CIR need not respond to the allegations set forth in Paragraph 77 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

78. CIR need not respond to the allegations set forth in Paragraph 78 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR admits on information and belief the allegations set forth in Paragraph 78 of the Amended Complaint.

79. CIR need not respond to the allegations set forth in Paragraph 79 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR. To the extent a response is required, CIR admits on information and belief that Los Zeta cartel is reputedly a violent organization and otherwise denies the allegations set forth in Paragraph 79 of the Amended Complaint.

80. CIR need not respond to the allegations set forth in Paragraph 80 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

81. CIR need not respond to the allegations set forth in Paragraph 81 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

82. CIR need not respond to the allegations set forth in Paragraph 82 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

83. CIR need not respond to the allegations set forth in Paragraph 83 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

84. CIR need not respond to the allegations set forth in Paragraph 84 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

85. CIR need not respond to the allegations set forth in Paragraph 85 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

86. CIR need not respond to the allegations set forth in Paragraph 86 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

## RESPONSE TO CAUSE OF ACTION FIVE

### UNJUST ENRICHMENT
### Against Defendant Center for Investigative Reporting

87. CIR repeats and realleges each of its above responses to Paragraph 1 through 86 of the Amended Complaint as if fully set forth at length herein.

88. Denies the allegations set forth in Paragraph 88 of the Amended Complaint.

89. Denies the allegations set forth in Paragraph 89 of the Amended Complaint.

90. Denies the allegations set forth in Paragraph 90 of the Amended Complaint.

91. Denies the allegations set forth in Paragraph 91 of the Amended Complaint.

92. Denies the allegations set forth in Paragraph 92 of the Amended Complaint.

93. Denies the allegations set forth in Paragraph 93 of the Amended Complaint.

94. Admits that Plaintiff's face and identity were not concealed in the CIR Report, in accordance with the Release executed by Plaintiff, and otherwise denies the allegations set forth in Paragraph 94 of the Amended Complaint.

95. Denies the allegations set forth in Paragraph 95 of the Amended Complaint.

96. Denies the allegations set forth in Paragraph 96 of the Amended Complaint, except admits that the CIR Report has accumulated in excess of 250,000 views on its YouTube channel and admits that CIR licensed the Report to Defendant Univision.

97. Denies the allegations set forth in Paragraph 97 of the Amended Complaint.

98. Denies the allegations set forth in Paragraph 98 of the Amended Complaint.

99. Denies the allegations set forth in Paragraph 99 of the Amended Complaint.

100. To the extent the allegations of Paragraph 100 purport to characterize and selectively quote from the CIR Report, CIR states that the Report speaks for itself and respectfully refers the Court to the Report for the contents thereof, available at https://www.youtube.com/watch?v=OBcTsbWPqFQ.  CIR otherwise denies the allegations set forth in Paragraph 100 of the Amended Complaint.

101. Denies the allegations set forth in Paragraph 101 of the Amended Complaint, except admits that CIR has additional footage of Plaintiff that was not included in the CIR Report.

102. Denies the allegations set forth in Paragraph 102 of the Amended Complaint.

103. Denies the allegations set forth in Paragraph 103 of the Amended Complaint.

104. Denies the allegations set forth in Paragraph 104 of the Amended Complaint.

## RESPONSE TO CAUSE OF ACTION FIVE

**UNJUST ENRICHMENT**
**Against Defendant Univision**

105. CIR repeats and realleges each of its above responses to Paragraph 1 through 104 of the Amended Complaint as if fully set forth at length herein.

106. CIR need not respond to the allegations set forth in Paragraph 106 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

107. CIR need not respond to the allegations set forth in Paragraph 107 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

108. CIR need not respond to the allegations set forth in Paragraph 108 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR. To the extent a response is required, CIR admits that it licensed the CIR Report to Univision and that Plaintiff's identity was not concealed in the Report, and otherwise denies the allegations.

109. CIR need not respond to the allegations set forth in Paragraph 109 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR admits the allegations upon information and belief.

110. CIR need not respond to the allegations set forth in Paragraph 110 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

111. CIR need not respond to the allegations set forth in Paragraph 111 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

112. CIR need not respond to the allegations set forth in Paragraph 112 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

113. CIR need not respond to the allegations set forth in Paragraph 113 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

114. CIR need not respond to the allegations set forth in Paragraph 114 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

115. CIR need not respond to the allegations set forth in Paragraph 115 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

116. CIR need not respond to the allegations set forth in Paragraph 116 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

117. CIR need not respond to the allegations set forth in Paragraph 117 of the Amended Complaint because the paragraph makes allegations in support of a claim not pled against CIR, and to the extent a response is required, CIR denies the allegations.

*   *   *

With respect to the Wherefore clauses in the Amended Complaint, CIR denies that Plaintiff is entitled to any relief, including a judgment against CIR, damages, punitive damages, attorneys' fees or costs, disbursements, interest, disgorgement of profits, a comprehensive accounting, a constructive trust, security, or any other relief.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, CIR is not in any way acknowledging or conceding that it has the burden of proof on any issue or defense as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has released CIR from all liability in association with the subject report by signing a release, a copy of which is attached hereto as Exhibit A.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails because Plaintiff does not assert facts sufficient to show the existence of a valid and binding contract.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails for want of consideration.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract and unjust enrichment fail because they are barred by the Statute of Frauds.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims sounding in fraud fail because Plaintiff fails to plead fraud with the requisite particularity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages fail because Plaintiff cannot assert facts sufficient to show that any damages were proximately caused by CIR.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because she failed to mitigate any injury or damages, which injury or damages CIR expressly denies.

### NINTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to allege facts sufficient to warrant the imposition of punitive damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages fails because Plaintiffs cannot assert facts sufficient to show either actual malice or ill-will, both of which are required to warrant the imposition of punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because she knowingly and voluntarily assumed all risks associated with participation in the documentary.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and/or estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because this Court is an improper venue for the subject action.

## SIXTEENTH AFFIRMATIVE DEFENSE

CIR reserves the right to amend its Answer and Affirmative Defenses to assert such additional defenses as may later become available or apparent to them.

**WHEREFORE**, CIR respectfully seeks an Order of this Court as follows:

1. Dismissing the Complaint in its entirety and with prejudice;

2. Awarding CIR its costs and disbursements incurred in defending this action, and its fees; and

3. Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 14, 2015

DAVIS WRIGHT TREMAINE LLP

By: _/s/ Jeremy A. Chase_
Jeremy A. Chase
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY  10019
Phone: (212) 489-8230
Fax: (212) 489-8340

Thomas R. Burke (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 400
San Francisco, CA 94111
Phone: (415) 276-6552
Fax: (415) 489-9052

Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006

                                                    Phone: (202) 973-4248
                                                    Fax: (202) 973-4448

                                                    *Attorneys for Defendant Center for Investigative Reporting Inc.*

TO:    Kevin A. Landau
        THE LANDAU GROUP, PC
        1221 Avenue of the Americas, 42nd Floor
        New York, NY 10020
        Tel: (212) 537-4025
        *Counsel for Plaintiff*

        Laurie Berke-Weiss
        BERKE-WEISS LAW PLLC
        7 Times Square, 18th Floor
        New York, NY 10036
        Tel: (212) 894-6784
        *Counsel for Defendants Univision Communications Inc. and Univision Noticias*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ERICA ALMECIGA,

        Plaintiff,

   - against -

CENTER FOR INVESTIGATIVE
REPORTING, INC., UNIVISION
COMMUNICATIONS, INC., UNIVISION
NOTICIAS, BRUCE LIVESEY,
JOSIAH HOOPER,

        Defendants.
-------------------------------------------------------------------- x

Case No. 1:15-cv-04319-JSR

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2015, I electronically filed the foregoing *Answer to Amended Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

 /s/ *Jeremy A. Chase*
Jeremy A. Chase
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY  10020
Phone: (212) 489-8230
Fax: (212) 489-8340
jeremychase@dwt.com
*Counsel for Defendant Center for Investigative Reporting, Inc.*