UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------x
ERICA ALMECIGA,

        Plaintiff,

   - against -                    Case No.: 1:15-cv-04319-JSR

CENTER FOR INVESTIGATIVE
REPORTING, INC., UNIVISION        Hon. Jed. S. Rakoff
COMMUNICATIONS, INC., UNIVISION
NOTICIAS, BRUCE LIVESEY, JOSIAH
HOOPER,

        Defendants.
----------------------------------------x

**REPLY MEMORANDUM IN FURTHER SUPPORT OF CIR'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**

Thomas R. Burke (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 400
San Francisco, CA 94111
Phone: (415) 276-6552
Fax: (415) 489-9052

Jeremy A. Chase
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY  10020
Phone: (212) 489-8230
Fax: (212) 489-8340

Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006
Phone: (202) 973-4248
Fax: (202) 973-4448

*Attorneys for Defendants Center for Investigative Reporting Inc., Bruce Livesey, and Josiah Hooper*

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 4

I.    Plaintiff's Performance Within One Year Would Not Defeat the Statute of Frauds Where Defendants' Obligations Continued in Perpetuity ................................... 4

II.   Plaintiff Cannot State a Claim for Fraud ........................................................... 6

III.  Plaintiff's Unjust Enrichment Claim Is Barred .................................................. 9

CONCLUSION ........................................................................................................................ 9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Cron v. Hargro Fabrics, Inc.*,
    91 N.Y.2d 362 (1998) ...................................................................................................................5

*D & N Boening, Inc. v. Kirsch Beverages, Inc.*,
    63 N.Y.2d 449 (1984) ................................................................................................................5, 6

*Four Star Capital Corp. v. Nynex Corp.*,
    183 F.R.D. 91 (S.D.N.Y. 1997) ....................................................................................................9

*Martocci v. Greater N.Y. Brewery, Inc.*,
    301 N.Y. 57 (1950) ........................................................................................................................6

*McKenna v. Double G Development Corp.*,
    251 A.D.2d 202 (1st Dep't 1998) ..................................................................................................8

*Messenger ex rel. Messenger v. Gruner + Jahr Printing & Publ'g*,
    94 N.Y.2d 436 (2000) (per curiam) ..............................................................................................1

*Myers v. Waverly Fabrics*,
    101 A.D.2d 777 (1984) *aff'd as modified sub nom. Meyers v. Waverly
    Fabrics, Div. of F. Schumacher & Co.*, 65 N.Y.2d 75 (1985) ......................................................6

*Robins v. Zwirner*,
    713 F. Supp. 2d 367 (S.D.N.Y. 2010) ...........................................................................................6

*Rosen v. Samuel Greenfield Co.*,
    25 A.D.2d 802 (3d Dep't 1966) .....................................................................................................5

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) ..................................................................................................................4, 7

*Smith v. Marvella, Inc.*,
    No. 93 CIV. 0827 (MGC), 1994 WL 30452 (S.D.N.Y. Jan. 31, 1994) ........................................5

*Sudul v. Computer Outsourcing Serv.*,
    868 F. Supp. 59 (S.D.N.Y. 1994) ..................................................................................................8

*Telecom Int'l Am., Ltd. v. AT&T Corp.*,
    280 F.3d 175 (2d Cir. 2001) ......................................................................................................3, 8

*Tyler v. Windels*,
    186 A.D. 698 (1st Dep't 1919), *aff'd*, 227 N.Y. 589 (1919) .......................................................5

Defendant Center for Investigative Reporting, Inc. ("CIR") respectfully submits this Reply Memorandum in Further Support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).[1]

**PRELIMINARY STATEMENT**

This case centers on an interview that Plaintiff gave for CIR in August 2012, and whether CIR was contractually obligated to conceal Plaintiff's identity in future uses of that footage. Plaintiff has proffered no written instrument containing this alleged "legally binding agreement," describing it instead in her briefs as an "oral agreement." Tellingly, Plaintiff has provided *no details* of this supposed oral agreement to conceal her identity: she has not even identified the person who allegedly made this "promise" or the date on which it was made, much less the terms of the alleged oral agreement.[2]

Absent a valid and enforceable contractual agreement to conceal Plaintiff's identity, Plaintiff has no basis for this suit. Under New York law, there is no general right of privacy – which is essentially the claim that Plaintiff is trying to make in seeking redress for her identity being "completely exposed" – and the use of Plaintiff's image and interview in a news report cannot give rise to a claim under New York's narrow statutory cause of action for commercial misappropriation. *See Messenger ex rel. Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 441 (2000) (per curiam) (New York's commercial misappropriation statute "do[es] not apply to reports of newsworthy events or matters of public interest"). Plaintiff's suit is

---

[1] CIR's opening brief in support of its motion, filed September 24, 2015 (Doc. No. 52), shall be referenced herein as "Mot." Plaintiff's opposition brief, filed September 15, 2015 (Doc. No. 59), shall be referenced herein as "Opp."

[2] As set forth more fully in CIR's Motion for Sanctions, filed September 14, 2015 (Doc. Nos. 54-58), the reason for this lack of detail is clear: There was no such "agreement," and Plaintiff is instead pressing knowingly false allegations in this Court.

1

further compromised by the fact that CIR has a Standard Appearance Release (the "Release"), signed by Plaintiff and bearing her handwritten address, that forecloses any suit over use of the interview footage.[3]  Thus, even if Plaintiff could possibly prove a valid and enforceable oral agreement to conceal her identity – which, as explained in this motion, she cannot – the written Release (which contains no reference to concealing Plaintiff's identity and gives CIR "sole discretion" to use the video footage) controls and would supersede any alleged oral agreement.

Thus, Plaintiff can *only* prevail in this case by proving that a) the Release is "forged," as she has alleged, *and* b) in its absence, she had a valid and enforceable oral agreement with CIR requiring that her "identity [would] be concealed" (Am. Compl. ¶ 37) in any broadcast of the interview footage.  As explained in CIR's Motion for Sanctions, the record in this case is clear that the Release was not forged, and thus Plaintiff's claims fail as a matter of law because they are barred by the terms of the Release.  But even taking each of Plaintiff's implausible allegations as true for purposes of this motion – i.e., assuming that there was no enforceable Release, and assuming that there was some oral agreement made between Plaintiff and at least one of the defendants at some point in time before or during Plaintiff's August 2012 interview, in which it was promised that Plaintiff's identity would be concealed in any use of the interview footage – Plaintiff's contract claim still fails as a matter of law because it is barred by the Statute of Frauds.

The remaining claims – for fraud, fraudulent concealment, and unjust enrichment – are just attempts to turn a single claim into four, and are thus barred as duplicative under well-established law.  Plaintiff's complaint in this suit is that the defendants allegedly promised to conceal her identity, and then did not.  As explained in CIR's moving brief, "whether styled as a

---

[3] The Release is attached as Exhibit A to CIR's Answer to the Amended Complaint (Doc. No. 48).

breach of an oral contract to conceal her identity, a misrepresentation that CIR *would* conceal her identity, a failure to disclose that they *would not* conceal her identity, or an unjust enrichment by way of not concealing her identity," these claims are all duplicative of a single claim for breach of oral contract, which is barred by the Statute of Frauds.  Mot. § III.

      Plaintiff's opposition brief provides no rejoinder to the clearly established law that bars her claim.  Instead, Plaintiff labors under the mistaken belief that because *she* performed her part of the alleged oral agreement within a year by taking part in the interview, the agreement falls outside the Statute of Frauds.  That is not the law.  The Statute of Frauds looks to whether the contract can, by its terms, be *fully performed* within one year of its making.  As explained in CIR's opening brief, Plaintiff's contractual claim is barred because any alleged oral agreement would require CIR's ongoing performance in perpetuity, and thus would be terminable within one year only by CIR's breach.  Mot. § II.  It makes no difference that Plaintiff performed her part within a year.  It also makes no difference whether Plaintiff styles her claim as one for breach of oral contract or, in the alternative, for quasi-contractual unjust enrichment.  The Statute of Frauds is equally fatal to these two versions of Plaintiff's claim.

      Plaintiff also fails to distinguish her case from the body of controlling law holding that a fraud claim is barred as duplicative where it "arises out of the same facts as [the] breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties."  *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001); *see also* Mot. at 8-11.  To the extent Plaintiff is now trying to recast her fraud claims as arising from CIR's provision of the Release to Univision, in a last-ditch attempt to avoid the Statute of Frauds, that narrative is at odds with the express allegations of the Amended Complaint, which plead as the elements of fraud only that

3

CIR allegedly made a promise of concealment to Plaintiff with no intent to perform, on which Plaintiff relied in participating in the interview.  *See* Am. Compl. ¶¶ 47-59, 64-69.

Nevertheless, even Plaintiff's new version of these claims would fail as a matter of law, since she cannot plead the requisite elements of fraud, much less with the specificity required by Fed. R. Civ. P. 9.  Plaintiff now tries to claim that the "fraud" at issue arises from CIR using the allegedly "forged" Release to "sell and/or license the Report to Univision, as well as publish it on CIR's website and YouTube, and as justification to avoid litigation with Plaintiff."  Opp. at 9.  None of these scenarios involves a false representation of fact *to Plaintiff*, nor any reliance *by Plaintiff* on that alleged misrepresentation to her detriment.  *See Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57 (1999) (under New York law, the elements of a fraud claim are "a representation of material fact, falsity, scienter, reliance and injury").  To the contrary, Plaintiff continues to allege that the alleged "fraud" induced her to sit for the interview.  Obviously, Plaintiff cannot "rely" on statements allegedly made only to third parties in 2013 in deciding whether to participate in an interview in 2012.  Accordingly, Plaintiff does not and cannot allege any valid fraud claim.

For the reasons set forth herein and in CIR's opening Memorandum of Law in support of this motion (hereinafter "Mot."), CIR respectfully requests that the Court grant its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismiss Plaintiff's claims in their entirety.

## ARGUMENT

### I. Plaintiff's Performance Within One Year Would Not Defeat the Statute of Frauds Where Defendants' Obligations Continued in Perpetuity

Plaintiff's claim for breach of oral contract – assuming for purposes of this motion that any such contract even exists – is barred by the Statute of Frauds, since it requires CIR to

4

conceal her identity in perpetuity in any use of the interview footage.  Mot. § I.  Where, as here, an oral agreement calls for performance of an indefinite duration and can be terminated only by the defendant breaching it within one year, the contract is barred by the Statute of Frauds.  *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 457 (1984).

   Plaintiff argues that *her* unilateral performance by participating in the interview is sufficient to satisfy the statute.  That is not the law.  "New York courts have consistently held that to avoid the Statute of Frauds, an oral agreement must by its terms be capable of full performance by *both* parties within one year."  *Smith v. Marvella, Inc.*, No. 93 CIV. 0827 (MGC), 1994 WL 30452, at *1 (S.D.N.Y. Jan. 31, 1994) (collecting cases).  "Performance by one party is insufficient."  *Id.*  *See also Tyler v. Windels*, 186 A.D. 698, 700 (1st Dep't 1919) ("[U]nder the decisions in the State of New York nothing short of full performance by both parties will take the contract out of the operation of the statute [of frauds]."), *aff'd*, 227 N.Y. 589 (1919).  This is because "the provision relates to the performance of the *contract* and not just of one party thereto."  *Cron v. Hargro Fabrics, Inc.*, 91 N.Y.2d 362, 368 (1998).

   Accordingly, New York courts have consistently rejected the very same argument advanced by Plaintiff here, holding that the Statute of Frauds applies where the plaintiff can fully perform within a year, but the defendant's obligations extend beyond the year.  *See, e.g.*, *Marvella*, 1994 WL 30452, at *1 (statute of frauds barred contract where plaintiff could fully perform within the year, but defendant could not); *Rosen v. Samuel Greenfield Co.*, 25 A.D.2d 802, 803 (3d Dep't 1966) ("Nor . . . would the fact that [plaintiffs] had fully performed their side of the obligation remove the oral contract from the application of the statute of frauds.  Both sides must be capable of performing their obligations within one year.").  Indeed, "the fact that the plaintiff has fully completed her performance under the contract as that contract is described

by her is of no moment" where, as here, "the defendant's performance . . . will continue in perpetuity." *Myers v. Waverly Fabrics*, 101 A.D.2d 777, 777 (1984) *aff'd as modified sub nom. Meyers v. Waverly Fabrics, Div. of F. Schumacher & Co.*, 65 N.Y.2d 75 (1985). Rather, "[t]he endurance of defendant's liability is the deciding factor." *Martocci v. Greater N.Y. Brewery, Inc.*, 301 N.Y. 57, 63 (1950).

Plaintiff does not and cannot offer any rejoinder to this controlling law.[4] Nor can she distinguish her case from *Robins v. Zwirner*, 713 F. Supp. 2d 367 (S.D.N.Y. 2010), in which this Court faced a nearly identical fact pattern – an oral contract that would require the defendant to conceal a fact in perpetuity.[5] Here, as in *Robins*, an oral agreement that would require CIR to continually conceal Plaintiff's identity in any use of the interview footage in perpetuity is a classic example of a contract not capable of completion within one year, and thus barred by the Statute of Frauds.

## II. Plaintiff Cannot State a Claim for Fraud

Plaintiff's attempt to resuscitate her fraud claims fares no better. In her opposition brief, she claims that the fraud claims do not duplicate her contract claim because they are "not based on Defendant CIR failing to honor a promise; [they are] based upon Defendant CIR forging

---

[4] In lieu of attempting to distinguish this law, Plaintiff simply presents a string cite of various cases where a statute of frauds defense was rejected, which is cut and pasted verbatim from the court's decision in *Boening*, 63 N.Y.2d at 455. Opp. at 7. Plaintiff makes no attempt to analogize any of these cases to the case at bar, and as is plain from the descriptions, none are remotely relevant to this case.

[5] Plaintiff's response to *Robins* appears to misunderstand the case. Plaintiff claims that *Robins* is not applicable because it is a "UCC case" for the sale of art. Opp. at 6 & n.1. But *Robins* involved *two* alleged oral contracts: (1) the verbal agreement not to disclose plaintiff's sale, and (2) an agreement to sell plaintiff certain paintings of his choosing. The relevant portion of *Robins* for this case concerns the confidentiality agreement, which was "a verbal accord for a service to be performed by [defendant] – non-disclosure of [plaintiff's] sale" that was "intended to last for an unlimited duration." *Robins*, 713 F. Supp. 2d at 375.

6

Plaintiff's signature to a Release, and then using that Release to justify licensing and publishing the story."  Opp. at 12.

This new theory of fraud is at odds with Plaintiff's Amended Complaint, which alleges that CIR "provided Plaintiff and Reta with intentionally misleading information, such as promises to conceal her identity . . . which the Defendants were reasonably certain promoted Ms. Almeciga's reliance and ultimate participation" (Am. Compl. ¶ 53); that its "promise to Plaintiff that her identity would be protected, and that her face would not appear in their Report, was made without any intention of performance" (Am. Compl. ¶ 54); that such "misrepresentation" was made "with an intent to defraud [Plaintiff], that is, to induce reliance, so both her and Reta would appear in Defendants' Report" (Am. Compl. ¶ 57); and that "Plaintiff justifiably relied on the Defendants' representations to her detriment"  (Am. Compl. ¶ 58).  Plaintiff's fraud claim is thus *expressly* based upon allegations that CIR did not intend to perform on an oral contract to conceal her identity.  Plaintiff cannot rewrite the clear allegations of her complaint by way of a brief opposing dismissal.  Accordingly, for all the reasons set forth in CIR's moving brief (Mot. § III.A-B), Plaintiff's fraud claims are barred as duplicative of her contract claim.

In any event, Plaintiff's new theory of fraud still cannot state a claim.  Under New York law, a fraud claim requires five elements: "a representation of material fact, falsity, scienter, reliance and injury."  *Lorillard Tobacco*, 94 N.Y.2d at 57.  Plaintiff does not and cannot allege any misrepresentation of fact *to her* by CIR's use of the Release "to justify licensing and publishing the story," as CIR would have provided the Release only to third parties such as Univision.  In fact, according to her Amended Complaint, Plaintiff "denies ever having seen the Release" prior to August 2014.  Am. Compl. ¶¶ 33-34.

7

Nor can Plaintiff allege any action she took in reliance on CIR's use of the Release. This can be seen most clearly in Plaintiff's discussion of the fraudulent concealment claim: Plaintiff claims that CIR "concealed" from Plaintiff that it was providing the Release to Univision, and that it was using the Release to "avoid litigation with Plaintiff." But the *only* action that Plaintiff alleges on her own behalf is that she participated in the interview in August 2012. Plainly, Plaintiff did not sit for the interview in August 2012 because CIR "concealed" that it would provide her release to Univision a year later, or that it would "avoid litigation" with her two years later. Thus, Plaintiff's new theory of fraud cannot survive a motion to dismiss either.

As with the contract claim, Plaintiff makes no effort to distinguish the clear body of law barring her fraud claims as duplicative. She simply lists an assortment of cases for the unremarkable principle that a fraud claim survives where a party misrepresents facts that are *collateral to* a contract, and not a promise to perform on the contract itself.[6] That is not the fact pattern here. Taking the allegations of the Amended Complaint as true for purposes of this motion, the only alleged "misrepresentation" to Plaintiff was that CIR's "promise to Plaintiff that her identity would be protected, and that her face would not appear in their Report, was made without any intention of performance." Am. Compl. ¶ 54. This is the classic example of a contract claim recharacterized as one for fraud. *See Telecom Int'l*, 280 F.3d at 196; *Sudul v.*

---

[6] Plaintiff also cites to a two-paragraph First Department opinion, *McKenna v. Double G Development Corp.*, 251 A.D.2d 202 (1st Dep't 1998), claiming that her fraud claims are "premised on substantially similar facts." But the appellate decision in *McKenna* does not recite any of the facts of that case, and the lower court decision is not reported. From what little is included in the appellate decision, it appears that *McKenna* was a claim for underpayment of wages, where the plaintiff brought a punitive damages claim based upon fraud alleging that the defendants forged a release to "imped[e] a governmental investigation of a prevailing-wage claim." The language quoted by Plaintiff (Opp. at 9-10) concerned the standard for awarding punitive damages for fraud, which requires conduct directed at the public under New York law. Plaintiff does not and cannot identify any way *McKenna* is relevant to this motion.

*Computer Outsourcing Serv.*, 868 F. Supp. 59, 62 (S.D.N.Y. 1994) (collecting cases). Accordingly, Plaintiff's fraud claims (Counts II & III) must be dismissed.

### III.   Plaintiff's Unjust Enrichment Claim Is Barred

As CIR explained in its opening brief, Plaintiff's unjust enrichment claim is based upon the same facts as her breach of oral contract claim and is thus equally barred by the Statute of Frauds, which applies to quasi-contractual claims as well as contractual claims. *Four Star Capital Corp. v. Nynex Corp.*, 183 F.R.D. 91, 108 (S.D.N.Y. 1997) ("A party may not circumvent the Statute of Frauds by repleading an already barred breach of contract claim as a claim for unjust enrichment.") (applying New York law).  While Plaintiff is entitled to plead contractual and quasi-contractual claims in the alternative, both versions of her claim are barred by the Statute of Frauds.

### CONCLUSION

For the reasons set forth herein and in CIR's opening Memorandum of Law in support of this motion (hereinafter "Mot."), CIR respectfully requests that the Court grant its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismiss Plaintiff's claims in their entirety.

Dated: September 22, 2015

        DAVIS WRIGHT TREMAINE LLP

        By: /s/ Alison Schary
        Alison Schary
        DAVIS WRIGHT TREMAINE LLP
        1919 Pennsylvania Avenue NW, Suite 800
        Washington, DC 20006
        Phone: (202) 973-4248
        Fax: (202) 973-4448
        alisonschary@dwt.com

        Thomas R. Burke (*pro hac vice*)
        DAVIS WRIGHT TREMAINE LLP
        505 Montgomery Street, Suite 400
        San Francisco, CA 94111
        Phone: (415) 276-6552
        Fax: (415) 489-9052
        thomasburke@dwt.com

        Jeremy A. Chase
        DAVIS WRIGHT TREMAINE LLP
        1251 Avenue of the Americas, 21st Floor
        New York, NY  10020
        Phone: (212) 489-8230
        Fax: (212) 489-8340
        jeremychase@dwt.com

        *Attorneys for Defendants Center for Investigative Reporting, Inc., Bruce Livesey, and Josiah Hooper*